WESLEY W. WITHINGTON *vs.* ABRAHAM I. ROME & another.

Worcester.   September 29, October 18, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Evidence*, Matter of conjecture, Presumptions and burden of proof. *Landlord and Tenant,* Repairs.

At the trial of an action of tort by a boy eighteen months of age against his father's landlord for personal injuries alleged to have been caused by a fall through a window in a tenement rented to the father, the fall being alleged to have been caused by a defective condition of the window permitted to exist in violation of an agreement made by the defendant with the father, the only evidence as to the plaintiff's fall was testimony by his mother that she had gone to the roof to take in some clothes, leaving the plaintiff in the living room where there was a closed window, and that upon her immediate return she discovered his absence, that the window was broken, and that the plaintiff was lying on the ground below. *Held*, that the question, whether the plaintiff came in contact

with the window or its condition caused his fall, was left wholly to conjecture, that no causal connection between the accident and the conduct of the defendant was shown, and that it was proper to order a verdict for the defendant.

CONTRACT OR TORT. Writ dated February 20, 1924.

In the Superior Court, the action was tried before *Bishop*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

*C. T. Flynn*, for the plaintiff, submitted a brief.

*C. C. Milton*, for the defendants.

BRALEY, J. The plaintiff, a child eighteen months old, living with his parents in a tenement owned by the defendants and rented by his mother Mrs. Grace Withington, suffered physical injuries on June 7, 1923, which are alleged to have been caused by the defendants' negligence. The plaintiff, being too young to care for himself, was in the custody of his mother whose evidence tended to show that she had gone to the roof to take in some clothes, leaving the plaintiff in the living room where there was a closed window, which the jury could find was more or less broken and decayed. Upon her immediate return, she discovered his absence, that the window was broken, and that the plaintiff was lying on the ground below. The question of her due care was for the jury. *Grant* v. *Fitchburg*, 160 Mass. 16.

There was testimony warranting the jury in finding that when Mrs. Withington, intending to rent the tenement, called on the defendants' agent on November 3, 1922, it was being repaired, and that he told her repairs were under way, and "the tenement was being fixed up in first class condition." At a later interview, he told her it was "all right to move into." Relying on these representations, she paid one month's rent and received the key. The next day, upon moving in, she found the conditions were not as represented, and at once informed Abraham I. Rome, hereinafter referred to as the defendant, "that the house was not finished; that it was not fixed up as she hired it," and that "she would not stay." A further finding also was warranted that she never agreed to rent the tenement as she found it on inspection. It was

under these conditions that the defendant, who had the management of the property and was authorized to act for his brother, the defendant Hyman J. Rome, said that "he would finish right up" and "make all repairs that were not finished," which could be found to include the window in question. The acceptance of this proposition by the tenant, who remained in occupation, paying the rent, furnished a sufficient consideration to support the contract. *Kennedy* v. *Welch*, 196 Mass. 592. The following December the defendant accordingly employed a carpenter, a witness at the trial, to make repairs, who replaced a pane of glass, but made no further changes of the window although after the accident he put in a new window. The case at bar "therefore, is one where during the tenancy a change is made in the demised premises by a landlord as one of the terms by which the lease is to be continued in effect." *Feeley* v. *Doyle*, 222 Mass. 155, 157. The defendant accordingly contracted and undertook to make suitable and necessary repairs, and, in an interview with the plaintiff's father on the day of the accident, the defendant after an inspection of the remains of the window said, "It is my fault. I will pay all doctor's bills." *Leary* v. *Keith*, 256 Mass. 157, 158.

But the questions, whether the plaintiff came in contact with the window or its condition caused his fall is left wholly to conjecture, and no causal connection between the accident and the conduct of the defendant is shown.

*Exceptions overruled.*