LENA JACOBSON *vs.* CHARLES LEAVENTHAL.

PHILIP JACOBSON *vs.* CHARLES LEAVENTHAL.

Cumberland.        Opinion January 9, 1930.

*Arthur D. Welch,* for plaintiffs.
*Robinson & Richardson,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DEASY, C. J.   In 1927 Philip Jacobson became the tenant of an apartment on Water Street, Portland, under a lease from the defendant.

In passing down a stairway leading to a cellar, which was a part of the leased premises, Lena Jacobson, wife of the tenant broke through a defective stair tread and suffered injuries.

These actions of tort for negligence were brought. The judge of the superior court ordered a nonsuit. The case comes forward on plaintiffs' exceptions.

The alleged defective stairway was not a common stairway remaining in the lessor's possession and control for the care and repair of which he is responsible (as in *Sawyer* v. *McGillicuddy*, 81 Me., 318).

It is not contended that the injury was due to a latent defect known to the lessor who failed to call it to the attention of the tenant (as in *Minor* v. *Sharon*, 112 Mass., 487) nor that the defendant had made repairs to the stairway in a negligent manner (as in *Gregor* v. *Cady*, 82 Me., 131).

The theory of the plaintiffs' counsel is that the defendant is liable in tort by reason of the admitted fact that at or before the leasing the defendant promised and agreed with the plaintiff, Philip Jacobson, that he, the defendant, would repair the defective cellar stairway. The defendant's counsel not questioning the making of the alleged agreement, nor its binding force as a contract, contends that he is not liable in tort for negligence but at most only for breach of contract and that the injury suffered by Mrs. Jacobson is not an element of damage for which he is responsible for the reason that such a consequence could not have reasonably been anticipated when the contract was made.

The defendant's position is supported by what we deem the better judicial authority.

If the lessor contracts to repair premises in the possession and under the control of his tenant, his liability is no greater or different than would be the liability of a third party, e.g., a carpenter or other mechanic who contracts to make such repairs.

That this is the rule prevailing in many jurisdictions is not questioned by the plaintiffs' learned counsel but he argues that by a series of decisions and dicta the court of Maine shows or indicates a disagreement with such rule.

The general principle not questioned by either party is that a tenant takes the leased premises for better or for worse with no obligation on the part of the lessor to make repairs. The liability for injuries caused by a dangerous concealed defect, known to the lessor and not made known to a tenant, is an exception to this rule. The lessor's liability for the safe condition of common passageways and stairways is not an exception since the lessor retains the possession and control and it is only the use in common that is demised.

In stating the general rule, the court of Maine has sometimes added such language as "unless he (the lessor) has made an express valid agreement (to make repairs)," *Bennett* v. *Sullivan*, 100 Me., 118; *Hill* v. *Foss*, 108 Me., 467, and in *Miller* v. *Hooper*, 119 Me., 528, it is said that he (the lessor) "must make such repairs as he expressly agrees to make."

These quoted passages can not be objected to as unsound, but there is nothing in them nor in the cases cited indicating that a lessor who contracts to repair leased premises and thus becomes charged with the contractual duty, if he breaks the contract, is liable in tort for negligence.

Other cases cited by the plaintiffs' counsel are *Campbell* v. *Portland Sugar Co.*, 62 Me., 552; *Toole* v. *Beckett*, 67 Me., 544; *McKenzie* v. *Cheatham*, 83 Me., 550; *Smith* v. *Preston*, 104 Me., 156; *Milford* v. *Electric Co.*, 104 Me., 233.

The opinion in *Smith* v. *Preston*, supra, states the rule of liability thus: "in all cases the criterion of liability is the obligation to maintain and repair with the right of control for that purpose."

Thus a lessor being under legal obligation to maintain and repair common passageways and stairways and having the right of control for the purpose may be held liable in tort for failure to perform his duty. While on the other hand, the lessor in the present case had no right of control of the stairway which was a part of the leased premises. His liability does not fall within the rule as laid down in *Smith* v. *Preston*.

In *Campbell* v. *Portland Sugar Co.*, supra, the defendants were held liable not by reason of a contract to repair but by reason of their "holding out (the wharf) as a place of public travel."

In *Toole* v. *Beckett*, supra, the lessor was held liable for injury to his tenant caused by the negligence of the lessor in respect to a part of a tenement house which was not leased and of which the lessor retained exclusive control.

*McKenzie* v. *Cheatham*, supra, simply reiterates the principle that one who creates a nuisance upon his property does not by leasing the property relieve himself from liability to a person injured by the nuisance.

*Milford* v. *Electric Co.*, supra, comes nearer to supporting the plaintiffs' contention. Property of the plaintiff town was destroyed by fire because of the failure of the defendant corporation to perform its contract to furnish a sufficient supply and head of water to extinguish fires. A demurrer to the declaration in case for negligence was overruled but this is far from holding that a lessor who has no right of possession or control of any part of the leased premises is liable in tort·for failing to keep his contract to make repairs.

A person who contracts to repair a building in possession and control of another, even though it be his tenant, if he fails to perform his contract is liable in an action on the contract for consequences that may reasonably be anticipated, but is not, by reason of breach of his contractual duty, liable to an action of tort for negligence.

As stated by the Massachusetts Court in *Tuttle* v. *Manufacturing Co.*, 145 Mass., 169, "otherwise the failure to meet a note or any other promise to pay money would sustain an action in tort for negligence and thus the promisor be made liable for all the consequental damages arising from such failure."

The opinion in this case is supported by *Shackford* v. *Coffin*, 95 Me., 69; *Stewart* v. *Cushing*, 204 Mass., 157; *Anderson* v. *Robinson*, 102 Ala., 615; *Hart* v. *Coleman*, 192 Ala., 447; *Kushes* v. *Ginsberg*, 91 N. Y. S., 216 (affirmed, 188 N. Y., 630); *Clyne* v. *Holmes* (N. J.), 39 Atlantic, 767; *Davis* v. *Smith* (R. I.), 58, Atlantic, 630.

It is unnecessary to consider the alleged assumption of risk by Mrs. Jacobson. Mandate in each case must be,

*Exceptions overruled.*