CHARLES L. CORMIER *vs.* HYMAN WEINER.

Middlesex.    December 10, 1931. — December 15, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant*, Liability of landlord to member of tenant's family, Repairs. *Actionable Tort.*

A young child of a tenant occupying a tenement on the second floor of a building, who was injured when he fell by reason of the absence of a gate between a piazza at the rear of the tenement and the top of a stairway leading to the ground and of the absence of picket uprights on the stairway, could not recover in an action of tort against the owner of the building, where it appeared that, although the plaintiff's father hired the tenement in reliance upon and in consideration of a promise by the defendant to instal a gate and pickets, the piazza and the stairway were a part of the tenement and were not for the common use of others: the mere obligation to repair a portion of the tenement otherwise in the exclusive possession of the plaintiff's father did not warrant a finding that the defendant had such control of that portion as to render him liable in tort for breach of his obligation.

TORT. Writ in the Second District Court of Eastern Middlesex dated January 11, 1926.

The action was heard in the District Court by *Connolly*, J. Material evidence is stated in the opinion. The judge refused to rule, as requested by the defendant, that the plaintiff could not recover and that the stairway on which the plaintiff fell was in the exclusive control of the plaintiff's father. The judge found, among other findings, that at "the time of hiring the defendant retained such control of said piazza as would be incidental and necessary for him to exercise in the installation of gate and picket uprights"; found for the plaintiff in the sum of $125; and reported the action to the Appellate Division for the Northern District. The Appellate Division ordered the finding for the plaintiff vacated and judgment entered for the defendant. The plaintiff appealed.

*J. C. Collins*, for the plaintiff.

*J. A Parrish*, (*E. C. Mower* with him,) for the defendant.

RUGG, C.J. The plaintiff at the time of the injury for which compensation is sought in this action was a young child, living with his parents in a tenement in the second floor of a house owned by the defendant. In the rear of the tenement was a wooden piazza. At the time the father of the plaintiff hired this tenement, the piazza and the stairway leading to the ground were unfinished in that there was no gate between the piazza and the top of the stairway and there were no picket uprights from the banister on the stairway to the various steps from the top down to a common landing. At that time the plaintiff's father brought this unfinished condition to the attention of the defendant on account of the age of the plaintiff. The defendant thereupon promised that he would instal a gate and picket uprights so that the piazza "Would be all right for child to go out there," and because of that promise the plaintiff's father rented the tenement. The defendant did not instal the gate and picket uprights, and by reason thereof the plaintiff fell and was injured. The trial judge found that the plaintiff's father hired the premises relying upon the defendant's promise to instal the gate and pickets so as to make the piazza safe for the plaintiff; that this installation was a consideration in the renting and that the defendant retained

such control of the piazza and stairway as would be necessary to enable him to make the installation. The piazza and stairway appear to have been part of the tenement and not common for the use of others.

This case appeals strongly to the human sympathies of every person. It is plain, however, that on the established law of landlord and tenant the case presented on the findings is a simple breach of a contract obligation of the defendant to make the repair. A negligent omission in this particular is not ground for an action of tort by the plaintiff. The finding of control by the defendant was not justified as a mere inference from the contract to make the installation and there is no other evidence upon which it can rest. The power of control by a lessor necessary to create a liability in tort for breach of duty implies something more than simple obligation to repair property otherwise in the exclusive possession of the tenant. The case falls under the second class described in *Fiorntino* v. *Mason*, 233 Mass. 451. *Tuttle* v. *George H. Gilbert Manuf. Co.* 145 Mass. 169. *Withington* v. *Rome*, 258 Mass. 188. *Wierzbicki* v. *Thacher*, 273 Mass. 346. *Cullings* v. *Goetz*, 256 N. Y. 287. *Cavalier* v. *Pope*, [1906] A. C. 428, 433. It is quite distinguishable from cases like *Crowe* v. *Bixby*, 237 Mass. 249.

*Order of Appellate Division affirmed.*