Jones, P. J.
This is an action of tort for injuries suffered by the plaintiff as a result of a fall March 5, 1935 on *86 premises occupied by her and owned or controlled by the defendant. The answer is a general denial and alleges contributory negligence.
The plaintiff occupied the premises in question prior to August, 1934, when the bank took over the same.
Taking the evidence in its aspect most favorable to the plaintiff, it could be found that the plaintiff had a talk and written correspondence with an agent of the bank pertaining to general repairs of the premises, which included a specific repair of a gutter, and that the bank agreed to repair the defective gutter, in consideration of the plaintiff remaining as a tenant on the premises; and, although the defendant’s agent was repeatedly asked to make the repairs by the plaintiff they were not made; that on March 5,1935 the plaintiff slipped off the top step of the premises in question caused by the icy condition of the step from water which came from the gutter and landed on the step and there froze; that the plaintiff received thirty dollars a week from her husband to run the household and that she used a portion of that money for the payment of the rent.
The plaintiff made various requests for rulings which we can well deem as waived because the plaintiff in no place in her brief makes any point based upon the denial of these requests, other than to state them in her brief.
Her claim of error as she puts it in her brief is that “this case does not come within the group of cases that held a landlord, who fails to make a repair under an agreement to make such repair, liable in contract only, but it is contended that the facts in this case warrant it to be classed within that group of cases that comes within the third class mentioned by :Chief Justice Bugg in the case of Fiorntino v. Mason, 233 Mass. 451” in distinction from the second class there defined.
*87 Looking at the case last referred to the second class of cases is defined in this language,—
“The parties may agree that the landlord shall make necessary repairs during the tenancy and thus vary the rights and obligations implied by the law as part of the ordinary relation of tenancy at will. An agreement to repair as a part of the letting is an agreement to make repairs on notice. Failure to comply with such agreement gives rise merely to a right of action for breach of contract, where the damages commonly are only the cost of making the repairs. A negligent omission to repair is not ground for an action of tort. Tuttle v. Gilbert Manuf. Co., 145 Mass. 169. The landlord under such a contract is not liable for personal injuries resulting from a defective condition of the premises unless he makes repairs and makes them negligently. Canahan v. Fisher, 293 Mass. 234, where cases are collected.”
Referring to the third class of eases, it is said in Fiortino v. Mason, 233 Mass. 451, 453,
“It is quite another and different thing for a landlord to agree that he continuously undertakes to keep the demised premises in repair and to relieve the tenant from any attention or thought respecting notice of needed repairs, so that the tenant may be as care free respecting the condition of the demised premises as is the guest in a hotel respecting the room assigned for his occupancy. Under such an agreement the landlord assumes the duty of looking after the tenement as to safety and retains so far as necessary to that and the possession thereof and the right to enter upon it at all times . . . It is not made out by a simple agreement that the landlord will keep the premises in repair . . . The landlord thereby assumes direct and initial responsibility for the condition of the premises as to safety at all times”.
The case at har in our opinion clearly comes within the definition of the second class of cases.
*88 Crowe v. Bixby, 237 Mass. 249, is a case cited, but in that case the agreement by the defendant was, “to keep the place in repair and safe to live in” which, in our opinion, differentiates the case from the ease at bar.
The instant case, in its circumstances, is much like the 'case of Cormier v. Weiner, 277 Mass. 518, where the landlord promised to install a gate and picket uprights so that the piazza “would be all right for a child to go out there”. Following this ease we can but come to the conclusion that the instant action cannot be maintained on the agreement which might be found from the evidence as above stated.
The agreement was not to keep the premises in a safe condition as argued by the plaintiff in her brief, but was to make specific repairs, as in Cormier v, Weiner, 277 Mass. 518, which holds that,—
“on the established law of landlord and tenant the case presented on the findings is a simple breach of a contract obligation of the defendant to make the repair. A negligent omission in this particular is not ground for an action of tort by the plaintiff . . . The power of control by a lessor necessary to create a liability in tort for breach of duty implies something more than simple obligation to repair property otherwise in the exclusive possession of the tenant.”
It is held in Miles v. Janvrin, 196 Mass. 431, that a landlord who lets premises in a condition so unrepaired that they are a nuisance and agrees to keep them in repair, is liable in tort to any person other than the tenant who is injured because of such condition on the ground that by the letting he has authorized the maintenance of the nuisance, and the only instruction that the tenant requested pointing to such an issue was given by the trial judge. No allegation of the declaration charges a nuisance and the giving of this request in this particular, followed by the finding *89 for defendant, indicated that the judge found no evidence of a nuisance. . There is no evidence in the ease that would warrant a finding of a nuisance.
We see no basis for this action on the evidence given, assuming the judge believed the evidence of the plaintiff. It may be that the trial judge might not have believed the plaintiff that the water on the step came from the gutter. He was not bound to believe this evidence, even if uncontradieted. Pensen v. O’Connell, Mass. Adv. Shts. (1935) 1923, 1924, and cases there cited.
We see no error in the disposition of plaintiff’s requested ruling, even if open to the plaintiff under her brief as presented.
Report dismissed.