MYRNA CHELEFOU *vs.* SPRINGFIELD INSTITUTION FOR SAVINGS.

FRANK CHELEFOU *vs.* SAME.

Hampden.    September 17, 1936. — May 24, 1937.

Present: CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Liability of landlord for injury to tenant and members of his family, Repairs, Window screens. *Negligence,* One owning or controlling real estate.

A promise by a landlord, made as part of a contract of letting, merely to furnish and install window screens, meant no more than an installation for the ordinary purpose of screens, and he was not liable in tort if the installation was not sufficient to prevent the tenant's three year old child from falling out of a window so screened.

Failure of a landlord to perform a promise to a tenant to fix a loose window screen was an omission which did not give rise to liability in tort.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 20, 1933.

The actions were tried together before *Burns,* J., who after the recording with leave reserved of verdicts for the plaintiffs in the sums, respectively, of $3,500 and $357.25, ordered entered verdicts for the defendant. The plaintiffs alleged exceptions.

*B. F. Evarts,* (*S. W. Ripa* with him,) for the plaintiffs.

*C. R. Brooks,* for the defendant.

FIELD, J. These two actions of tort were tried together. One action is brought by a minor — a girl three years old at the time of the accident — by her father as her next

friend to recover compensation for personal injuries sustained by her as a result of falling out of a window of a furnished apartment in which she lived with her father and other members of the family. The other action is brought by the father to recover consequential damages. In each case a verdict was returned for the plaintiff but the judge on leave reserved entered a verdict for the defendant, and the plaintiff excepted.

There was undisputed evidence that the defendant was the owner of a house in which was located, on the third floor, a furnished apartment — a small kitchen and two other rooms — occupied at the time of the accident by the adult plaintiff and his family, consisting of his wife — who died before the trial — the minor plaintiff and a one year old child. The plaintiffs contend that on the evidence it could be found that the adult plaintiff was a tenant of the defendant of the furnished apartment, that the minor plaintiff fell out of the kitchen window and sustained injuries as a result of the improper installation of a window screen in this window, and that such improper installation of the window screen was a breach of the defendant's duty as landlord, creating a liability in damages for the injuries sustained by the minor plaintiff. The defendant's contentions are: (a) that the adult plaintiff was not its tenant to whom it owed any duty as landlord, but, instead, that this plaintiff was the tenant of one Tetreault, himself a tenant of the defendant, and (b) that even if this plaintiff was the defendant's tenant the injuries sustained by the minor plaintiff were not caused by any breach of the defendant's duty as landlord.

We do not discuss the question whether it could have been found that the defendant was the landlord and Tetreault its agent. Even if these findings could have been made there was no error in the entry of verdicts for the defendant.

There was evidence that early in the spring of 1932 the adult plaintiff and his wife had a conversation with Tetreault which resulted in an oral hiring of the apartment by this plaintiff for a weekly rental. He and his family

moved in the same day. During the conversation this plaintiff's wife "spoke about the screens." They were not in. Tetreault said that "they had screens; they had one for every window in the place. That is, one window in the kitchen, three windows in the front room, and one window in the center room." Some time after that "it was getting rather warm" and both the plaintiff and his wife made requests of Tetreault that the screens be put in. Later he put them in. It could have been found, on contradictory evidence, that the screen in the kitchen window was fastened only by a nail "on each side." Tetreault testified in substance that he generally used five nails, two at the top of the screen, one on each side, and one at the bottom. The adult plaintiff testified that he told Tetreault that the screen in the kitchen window "is kind of loose," and Tetreault replied, "That is all right, I will fix it a little later." Tetreault did not fix the screen before the minor plaintiff fell out of the window.

The only testimony to the manner in which the accident occurred came from the adult plaintiff and was in substance as follows: On the evening of the day of the accident the family were having supper in the kitchen. The window was open at the bottom. The adult plaintiff was sitting at a table; the minor plaintiff was standing. He gave her a banana. "After he handed her the banana and turned back to his meal he did not see her again before she fell out the window and did not know she had fallen until his wife hollered, 'The child went out the window' and fainted away on the floor." He looked out the window and saw his daughter lying on the screen on the ground. The adult plaintiff also testified — apparently on the basis of what his wife told him — that the child "heard some noise, kids hollering downstairs in the yard. She ran and looked out the window, and she went right out the window head first," that she "started running right from the end of the table."

The leased premises, so far as appears, were in the exclusive possession and control of the tenant. See *Conahan* v. *Fisher*, 233 Mass. 234, 238. The general rule applicable in

these circumstances is that the tenant takes the premises hired in the condition in which he finds them and the landlord is not liable for injuries sustained by the tenant, or by a member of his family occupying the premises in his right, by reason of the unsafe condition of the premises at the time of letting or thereafter (*Conahan* v. *Fisher*, 233 Mass. 234, *Condon* v. *Winn*, 252 Mass. 146, 148, see *Leslie* v. *Glazer*, 273 Mass. 221, 223), in the absence of a hidden defect at the time of the letting actually known to the landlord and not disclosed to the tenant. *Stumpf* v. *Leland*, 242 Mass. 168. No such defect is shown. And the case does not fall within a somewhat limited exception to this general rule applicable to a furnished room or house let for a short time for immediate occupancy. In such a case an agreement is implied that the premises at the time of the letting are fit for such occupancy. *Ingalls* v. *Hobbs*, 156 Mass. 348. Here the defect, if any, arose after the beginning of the tenancy. *Bolieau* v. *Traiser*, 253 Mass. 346, 349–350.

There was no express agreement to maintain the premises in a safe condition for occupancy. An agreement of this kind is to be distinguished from an agreement by the landlord as a part of the contract of letting to make repairs or changes in the leased premises. In such a case there can be no recovery in tort by the tenant, or by a member of his family, for injuries sustained as a result of the landlord's omission to make the repairs or changes agreed upon, but recovery may be had for injuries sustained by reason of the landlord's negligence in making such repairs or changes. *Bergeron* v. *Forest*, 233 Mass. 392, 398. *Fiorntino* v. *Mason*, 233 Mass. 451, 453–454. *Cormier* v. *Weiner*, 277 Mass. 518. The plaintiffs must recover, if at all, in accordance with this principle.

The evidence warranted a finding that the landlord, as a part of the contract of letting, agreed with the tenant to furnish screens for the apartment, and, by inference, to install such screens. Such an agreement would be in the nature of an agreement to make specific repairs or changes. There was evidence that the landlord installed such screens,

among them the screen in the kitchen window. The question for determination is whether the evidence warranted a finding of negligence on the part of the landlord in installing this screen which was the legal cause of the. injuries sustained by the minor plaintiff.

There was no negligence for which the minor plaintiff can recover unless there was a breach of a legal duty owed to her by the landlord. *Bergeron* v. *Forest*, 233 Mass. 392, 399. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232, 234. *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 6. The agreement to install screens created only a contractual duty, and this duty was owed by the landlord to the tenant only. This agreement created no duty of any nature to the minor plaintiff to install screens in accordance therewith. *Cormier* v. *Weiner*, 277 Mass. 518. The landlord, however, owed a noncontractual duty to the minor plaintiff — the same (but no greater) duty that it owed to the tenant, the adult plaintiff — to exercise, in installing the screens, reasonable care not to make the premises unsafe for her use under the hiring. *Feeley* v. *Doyle*, 222 Mass. 155. Compare Am. Law Inst. Restatement: Torts, § 362. A breach of this duty for which recovery can be had must amount to "active negligence or misfeasance," and not mere nonfeasance. *Tuttle* v. *George H. Gilbert Manuf. Co.* 145 Mass. 169, 175. *Cormier* v. *Weiner*, 277 Mass. 518, 520. See Am. Law Inst. Restatement: Torts, § 284 (a).

The evidence did not warrant a finding of a breach, as above defined, of the landlord's duty which caused or contributed to the injuries sustained by the minor plaintiff. A finding was warranted that the screen on the kitchen window was not securely installed. But the premises were not thereby rendered unsafe for the use of the minor plaintiff in .any particular which contributed to her injuries (see *Withington* v. *Rome*, 258 Mass. 188), unless by reason of the fact that the screen was not so installed as to prevent her from falling out of the window. It could not have been found, however, that this was a risk of harm which the landlord was bound to foresee and guard against in install-

ing screens under the agreement. The landlord's duty to this plaintiff, though noncontractual, was limited to the purposes of the agreement. See *Carroll* v. *Intercolonial Club of Boston*, 243 Mass. 380, 383. See also *Eisenhauer* v. *Ceppi*, 238 Mass. 458, 461; *Landers* v. *Brooks*, 258 Mass. 1, 3; *Cerricola* v. *Darena*, 266 Mass. 267, 269; *Stern* v. *Swartz*, 283 Mass. 436. There is nothing in the evidence to indicate that the agreement contemplated that the screens were to be installed for any purpose other than the ordinary purpose of window screens. The case differs in this respect from *Shaw* v. *Butterworth*, 327 Mo. 622, 626 — decided in favor of a child of the tenant — where, during the rental negotiations, the tenant advised the landlord's agent that she wanted window screens "so that the children would not fall out." Doubtless as matter of common knowledge window screens furnish some such protection. But this is not the ordinary purpose of window screens. See *Egan* v. *Krueger*, 103 N. J. L. 474 — a case decided against a child of the tenant — where the court said, page 476, "A screen in a window, obviously, and of common knowledge, is not placed there for the purpose of keeping persons from falling out of a window." The mere failure of the landlord to install the screen in the kitchen window in such a manner as to furnish protection to the minor plaintiff against falling out of the window, in the circumstances shown, could not be found to be such "active negligence or misfeasance" creating an unsafe condition of the premises as would entitle this plaintiff to recover. Moreover, there was no evidence that the landlord, after the work was done, gave any express assurance to the tenant or to any member of his family that the screen would furnish such protection — whatever would be the effect of such an assurance. Compare *Bergeron* v. *Forest*, 233 Mass. 392, 397, 401. See also *Gill* v. *Middleton*, 105 Mass. 477, 479. And no such assurance, upon which the tenant or any member of his family was entitled to rely, could be implied from the installation of the screen or its appearance. The limitations upon the duty of the landlord, as herein pointed out, distinguish

the case from *Baker* v. *Dallas Hotel Co.* 73 Fed. (2d) 825, relied on by the plaintiffs, which involved the general duty of care owed by an innkeeper to its guests.

Recovery cannot be had by the minor plaintiff on the basis of the promise made by Tetreault after the screen was installed that he would "fix it a little later." There was merely an omission to act which created no cause of action. *Sordillo* v. *Fradkin*, 282 Mass. 255, 257, and cases cited.

Since the action brought by the minor plaintiff cannot be maintained, the action brought by the adult plaintiff for consequential damages growing out of the injuries sustained by the minor plaintiff falls with it.

In both cases the exceptions must be overruled.

*So ordered.*