BERNICE ROSE SOULIA *v.* EARL C. NOYES ET AL.

October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1940.

*Christopher Webber, Ernest H. O'Brien* and *James E. Bigelow* for the defendants.

*Bove, Billado & Dick* for the plaintiff.

MOULTON, C. J. This is an action in tort and the cause is here upon the defendants' exceptions to the overruling of their joint demurrers to the first and second counts of the plaintiff's amended complaint.

The first count alleges that the defendants, as trustees under the will of Hiram F. Noyes, deceased, are the owners of a certain two family dwelling house in the city of Rutland; that on or about October 22, 1938, Norman Soulia, the plaintiff's husband, in the presence of the plaintiff, orally agreed with the defendants to rent the lower floor apartment, of the dwelling house, provided that the defendants would agree to put, keep and maintain the apartment, and particularly the shed thereof, in safe repair; that in consideration of the agreement of the defendants to do so, Soulia and his family rented and moved into the apartment, including the shed; that the defendants disregarded their duty in that they negligently permitted the floor of the shed to become so worn, rotted and otherwise defective that it was dangerous to the life and limbs of persons walking thereon, which the defendants and each of them well knew, and of which condition they had had notice for a long time prior to the date of the lease; that on or about October 21, 1939, while the plaintiff was proceeding over the floor of the shed, without negligence or assumed risk on her part, the floor collapsed and caused the plaintiff to fall, with resulting injury. The second count is identical with the first, except that it is charged that the failure to put, keep and maintain in repair was intentional, wilful and malicious with wanton and reckless disregard of the plaintiff's safety.

The demurrer to each count is based upon two grounds; (1) that the complaint does not show any consideration for the alleged agreement to repair, and (2) that even if it were a valid agreement to do so, this would not give rise to a cause of action in tort for injuries sustained by the plaintiff because of a failure to make the repairs.

The first ground is clearly unavailing, because the allegations of the complaint show that the agreement concerning the repairs was a part of the lease. It was a promise which the lessee accepted by entering into possession of the premises. *Withington* v. *Rome*, 258 Mass. 188, 154 N. E. 764, 765. Indeed, this ground of demurrer does not appear to be relied upon by the defendants for it is not briefed.

In considering the second ground of demurrer we are not concerned with a situation where repairs undertaken by a landlord either gratuitously or in the performance of a duty imposed by contract have been negligently made; or where a danger ex-

ists in a public or common passage or stairway; or where the defect is of such a nature as to constitute a nuisance; or where the leased premises are a place of public resort; or where there has been a warranty or a misrepresentation of fact by the landlord as to their condition. The fault charged against the defendants is a failure to repair according to their agreement with the lessee, and the plaintiff, although she may have been present when the lease was made, does not appear to have been a party to it.

Whether the failure of a lessor to make repairs in fulfillment of a contractual obligation to do so may render him liable in an action in tort on behalf of the lessee or other person lawfully on the premises for personal injuries suffered in consequence of such failure is a question which has not previously been presented to this court, but has given rise to much diversity of opinion among other jurisdictions. ''Generally, however, in this country as in England, a covenant to repair does not impose upon the lessor a liability in tort at the suit of the lessee or of others lawfully on the land in the right of the lessee.'' *Cullings* v. *Goetz,* 256 N. Y. 287, 176 N. E. 397. To the same effect are *Cormier* v. *Weiner,* 277 Mass. 518, 178 N. E. 723, 724; *Chelefou* v. *Springfield Institution for Savings,* 297 Mass. 236, 8 N. E. 2d. 769, 771; *Hunkins* v. *Amoskeag Mfg. Co.,* 86 N. H. 356, 169 Atl. 3, 4; *Jacobson* v. *Leaventhal,* 128 Me. 424, 148 Atl. 281, 282, 68 A. L. R. 1192; *Harris* v. *Lewistown Trust* Co., 326 Pa. 145, 191 Atl. 34, 35, 110 A. L. R. 749; *Davis* v. *Smith,* 26 R. I. 129, 58 Atl. 630, 632, 66 L. R. A. 478, 106 Am. St. Rep. 691, 3 Ann. Cas. 832; *Dice* v. *Barbour Adm'r.,* 161 Ky. 646, 171 S. W. 195, L. R. A. 1916F 1155, 1158; *Berkowitz* v. *Winston,* 128 Ohio State 611, 193 N. E. 343, 345; *Cavalier* v. *Pope,* (1906) A. C. 428, 433. That these decisions are representative of the weight of authority appears from many other cases collected in annotations in L. R. A. 1916D 1227; L. R. A. 1916F 1106; 11 L. R. A. (N. S.) 504; 34 L. R. A. (N. S.) 804; 48 L. R. A. (N. S.) 919; 8 A. L. R. 765, 779; and 68 A. L. R. 1194. See, also, note 36 Harvard Law Review 625. To the authorities cited in the foregoing annotations as upholding the minority rule may be added the subsequent case of *Dean* v. *Hershowitz,* 119 Conn. 398, 177 Atl. 262, and the American Law Institute's Restatement of Torts, para. 357.

■ ■ We approve and adopt the majority doctrine. The liability of a landlord in tort for injuries caused by a defective condition of the premises has its foundation and reason in the fact of his possession and control. *Beaulac* v. *Robie and Slayton,* 92 Vt. 27, 32, 102 Atl. 88; *Harris* v. *Lewistown Trust Co., supra; Fogarty* v. *M. J. Beuchler and Son,* 124 Conn. 325, 199 Atl. 550, 553; *Smith* v. *Preston,* 104 Me. 156, 71 Atl. 653, 656. Where such possession and control are absent there is no liability. Although there is authority to the contrary (See *Flood* v. *Pabst Brewing Co.,* 158 Wis. 626, 149 N. W. 489, 491; *Barron* v. *Liedloff,* 95 Minn. 474, 104 N. W. 289, 290; *Hodges* v. *Hilton,* 173 Miss. 343, 161 So. 686, 687; Restatement of Torts, Para. 357), we accept the rule as stated by Cardozo, C. J., in *Cullings* v. *Goetz,* 256 N. Y. 287, 176 N. E. 397, 398, that ''occupation and control are not reserved through an agreement that the landlord will repair.'' In accord are *Harris* v. *Lewistown Trust Co., supra; Willis* v. *Snyder,* 190 Iowa 248, 180 N. W. 290, 291; *Cavalier* v. *Pope, supra; Cormier* v. *Weiner, supra.*

■ The decisions of the Supreme Judicial Court of Massachusetts draw a distinction between agreements by the landlord as a part of the letting to make repairs in the leased premises, and express agreements to maintain the premises in a safe condition for occupancy. In the former case he is not chargeable in tort for personal injuries sustained by the tenant or a member of his family as a result of the omission to make the repairs; in the latter, it is considered that the landlord has reserved control, and consequently may be held liable. *Chelefou* v. *Springfield Institution for Savings, supra; Eisenhaur* v. *Ceppi,* 238 Mass. 458, 131 N. E. 184, 185; *Crowe* v. *Bixby,* 237 Mass. 249, 129 N. E. 433, 435; *Miles* v. *Janvrin,* 196 Mass. 431 82 N. E. 708, 13 L. R. A. (N. S.) 378, 128 Am. St. Rep. 575. But if we should recognize this distinction it would not avail the plaintiff in this case. Although the contract alleged was to put, keep and maintain in repair, the breach was the failure to put in repair, that is, to correct a defect which was in existence at the time of the demise, not the failure to maintain the premises in a safe condition after they had once been repaired. Therefore the case comes under the general rule that an agreement to repair does not operate to reserve occupation and control to the landlord and hence does not impose upon him liability in tort for injuries suffered in

consequence of its breach. We are thus spared the necessity of considering whether the failure to perform a duty imposed by contract can be made the basis of an action in tort by a third person who is not a party to the agreement.

*Judgment reversed. Demurrer sustained and cause remanded.*