**Ellie J. GOFF, Plaintiff,**

v.

**UNITED STATES, Defendant and Third Party Plaintiff (Louise M. BRACKETT, Third Party Defendant).**

**No. 5-9.**

United States District Court
D. Maine, S. D.
Jan. 30, 1958.

Robert W. Donovan, Portland, Me., for plaintiff.

Peter Mills, U. S. Atty., Portland, Me., for defendant.

William B. Mahoney, Portland, Me., for third-party defendant.

GIGNOUX, District Judge.

This matter comes before the Court upon the motion of the third-party defendant to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.A.

The principal action is brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to recover damages for personal injuries allegedly suffered by the plaintiff on October 18, 1955, when she slipped and fell in a United States Post Office Station on Peaks Island, Portland, Maine. The plaintiff alleges that her injuries were caused by the negligence of the defendant in failing to maintain the floor of the premises in a safe condition.

On October 15, 1956 the Court allowed, *ex parte*, the defendant's motion under Rule 14 of the Federal Rules of Civil Procedure to bring in as a third-party defendant Louise M. Brackett, the Lessor of the premises. The third-party complaint, subsequently filed, sufficiently sets forth that at the time of the accident the premises involved were leased by the United States from the third-party defendant under a written lease, a copy of which was annexed to the third-party complaint, which contained the following clause:

"7. The Lessor shall, unless herein specified to the contrary, maintain the said premises in good repair and tenantable condition during the continuance of this lease, except in case of damage arising from the act or the negligence of the Government's agents or employees. For the purpose of so maintaining the premises, the Lessor reserves the

right at reasonable times to enter and inspect the premises and to make any necessary repairs to the building."

The third-party complaint further alleges that by virtue of the foregoing clause the Lessor was under a duty to maintain the leased premises in good repair and that, therefore, she will be liable to the defendant to the extent of any recovery against the defendant by the plaintiff in the principal action.

■ The sole question presented by the instant motion is whether, upon the facts as pleaded in the third-party complaint, the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against it. Rule 14, Federal Rules of Civil Procedure, supra. Since the accident occurred in this State, this Court must look to the law of Maine to resolve this question.

■■ It is the opinion of this Court that the case of Jacobson v. Leaventhal, 1930, 128 Me. 424, 148 A. 281, 68 A.L.R. 1192, is controlling and requires that the third-party complaint be dismissed. The principal action is in tort for negligence. Since the lease contains no agreement by the Lessor to indemnify the Lessee from liability imposed upon the Lessee for damages in tort for negligence, liability of the Lessor for such damages cannot be based upon any theory of indemnity. Liability of the Lessor to the Lessee must, therefore, be predicated, if at all, either upon liability for contribution as a joint tort feasor or upon liability in tort for breach of the covenant to repair contained in the lease. In Jacobson v. Leaventhal, supra, the Maine court held (128 Me. at page 427, 148 A. at page 282):

"A person who contracts to repair a building in possession and control of another, even though it be his tenant, if he fails to perform his contract is liable in an action on the contract for consequences that may reasonably be anticipated, but is not, by reason of breach of his con-

tractual duty, liable to an action of tort for negligence."

■ The general authority of the Leaventhal case is not questioned by either party, but the defendant contends that the plaintiff's injuries may have resulted from a latent defect known to the Lessor, who failed to call it to the attention of the Lessee, and that, therefore, the exception to the rule of the Leaventhal case recognized by the Maine court in McKenzie v. Cheetham, 1891, 83 Me. 543, 22 A. 469, is applicable to the instant case. The third-party complaint, however, contains no allegation that the plaintiff's injuries resulted from a latent defect which would bring this case within the scope of the Cheetham case. Although upon a motion to dismiss the Court must assume the truth of all material and well-pleaded allegations of fact, the motion does not admit mere conclusions of law, or inferences or conclusions of fact not supported by allegations of specific facts upon which the inferences or conclusions rest. Zeligson v. Hartman-Blair, Inc., 10 Cir., 1942, 126 F.2d 595; Huntley v. Gunn Furniture Co., D.C.W.D.Mich.1948, 79 F.Supp. 110.

For the foregoing reasons the motion to dismiss the third-party complaint must be, and it hereby is, granted.