[No. 38011-7-I.    Division One.    August 11, 1997.]

SHANNON SOPRONI, ET AL., *Appellants*, v. POLYGON APARTMENT PARTNERS, ET AL., *Defendants*, ALPINE WINDOWS, *Respondent*.

*Paul W. Whelan* and *Schroeter, Goldmark & Bender, P.S.*, for appellants.

*Max N. Peabody* and *Peary, Hiscock, Pierson, Kingman & Peabody*, for respondent.

GROSSE, J. — Despite argument to the contrary, we hold that summary judgment of dismissal is appropriate in a product liability action where the record demonstrates beyond question that the bedroom windows used in an apartment complex were safe within the reasonable expectations of an ordinary consumer. Moreover, the design of this particular window was not the proximate cause of the accident.

In September of 1993, 20-month-old Daniel Soproni and his mother Shannon were visiting Shannon's boyfriend at

his apartment in the Campus Grove Apartment Complex in Federal Way. Daniel was playing in an upstairs bedroom in the presence of his mother and her boyfriend. He was repeatedly warned not to play with, open, or close the window at the end of the bed. At a time when no one was paying close attention to Daniel, he climbed up onto the windowsill, opened the window again, and fell one flight down to a cement patio. As a result, Daniel sustained head injuries, including long-term neurological deficits.

Daniel, through his guardian ad litem, and his mother Shannon Soproni (collectively referred to as Soproni), initiated an action against Polygon Apartment Partners (Polygon), the developer/builder of the complex. In answer to the complaint, Polygon asserted an affirmative defense and, although denying liability, stated that if fault was to be found, then the architect and the manufacturer of the window, Alpine Windows, should be found comparatively at fault as well.

Thereafter, Soproni filed an amended complaint alleging that all defendants were negligent and in violation of safety rules and regulations, including the applicable building code and laws of the State. The complaint did not specifically allege a violation of the product liability statute, but the statute was mentioned during argument by counsel for Soproni who indicated that this really was not a switch from negligence to strict liability, but negligence as couched by the provisions of the product liability statute, RCW 7.72.

In consolidated motions, Polygon, the architect, and Alpine brought motions for summary judgment, and submitted affidavits and declarations of experts in support. Soproni responded with declarations from experts in opposition. At hearing, the trial court dismissed Polygon and reserved ruling as to the motions of the architect and Alpine. Shortly thereafter, signed orders dismissing both the architect and Alpine were filed. Soproni appeals only the order dismissing the manufacturer of the window, Alpine.

In reviewing the order granting the motion for summary judgment this court engages in the same inquiry as the trial court.[1] The first issue here is whether nonliability can be determined as a matter of law when the case was brought under a product liability basis for the injuries to Daniel Soproni.

Soproni alleges that the action was brought under the product liability act, RCW 7.72.030, and that because of the nature of a product liability claim, summary judgment is rarely, if ever, appropriate. Soproni argues that there are always questions of fact as to the reasonableness of the design based upon either of two methods: a risk/utility analysis or a consumer expectation analysis. While we have doubts that Soproni adequately pleaded this case under the product liability act, we will review it on that basis. We hold that even if viewed as a case under the act, it can be decided as a matter of law.

The product liability statute, RCW 7.72.030, provides in pertinent part:

> (1) A product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided.
>
> (a) A product is not reasonably safe as designed, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, outweighed the burden on the manufacturer to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product: . . .
>
> (b) A product is not reasonably safe because adequate warnings or instructions were not provided with the product, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the

---

[1]*Greaves v. Medical Imaging Sys., Inc.*, 124 Wn.2d 389, 392, 879 P.2d 276 (1994).

seriousness of those harms, rendered the warnings or instructions of the manufacturer inadequate and the manufacturer could have provided the warnings or instructions which the claimant alleges would have been adequate.

. . . .

(3) In determining whether a product was not reasonably safe under this section, the trier of fact shall consider whether the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer.

To establish a violation of RCW 7.72.030, Soproni must prove that, at the time of manufacture,

the likelihood that the product would cause plaintiff's harm or similar harms, and the seriousness of those harms, outweighs the manufacturer's burden to design a product that would have prevented those harms and any adverse effect a practical, feasible alternative design would have on the product's usefulness. RCW 7.72.030(1)(a). If the plaintiff fails to establish this, the plaintiff may nevertheless establish manufacturer liability by showing the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. RCW 7.72.030(3).[2]

Reading RCW 7.72.030(1)(a) and .030(3) together, the claimant must prove the injury-causing product was not reasonably safe by virtue of the manufacturer's negligent choice of product design. A design choice is negligent if the product is not reasonably safe because the manufacturer failed to take reasonable steps to eliminate or lessen any danger arising from such design. The focus is not simply on the product itself; rather, the focus is primarily on the manufacturer's weighing of the design's dangers against its benefits. The trier of fact analyzes the actual design choice using the factors provided in RCW 7.72.030(1)(a). The likelihood and seriousness of harm from the product as designed is balanced against the burden on the manufacturer to design a safer

---

[2]*Falk v. Keene Corp.*, 113 Wn.2d 645, 654, 782 P.2d 974 (1989).

product and the adverse effects, if any, that a safer design would have on the product's usefulness.[3]

Citing the section quoted above, Soproni claims that because the action was brought as a product liability action, summary judgment should be precluded because any determination of design defect is a question for a jury and cannot be determined as a matter of law.

However, settled law requires that the expectations of the consumer must be the *reasonable* expectations of an ordinary consumer.[4] Thus, under the facts of a particular case, "it may be unreasonable for a consumer to expect product design to depart from legislative or administrative regulatory standards, even if to do so would result in a safer product."[5] As stated in *Ruff v. County of King*,[6] "there is no duty to make a safe [product] safer."[7]

The statute itself mandates that the safety of the product must be considered under its ordinary use. Virtually any product manufactured could cause injury if put to certain uses or misuses. Liability under this state's product liability law is based on the product being unsafe to an extent beyond that which would be contemplated by the ordinary user. RCW 7.72.030(3). The affidavits submitted by the experts for Soproni do not indicate that the product was unsafe to that extent.

A window is for light, air, and egress in case of fire. The window here has not been shown to be "unsafe," only that another window design might or would be safer if used in a similar window application.[8] The window here complied

---

[3]*Parkins v. Van Doren Sales, Inc.*, 45 Wn. App. 19, 25-26, 724 P.2d 389 (1986).

[4]*See Seattle-First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 154, 542 P.2d 774 (1975), *quoted with approval in Falk v. Keene Corp.*, 113 Wn.2d 645, 655, 782 P.2d 974 (1989).

[5]*Falk*, 113 Wn.2d at 655.

[6]*Ruff v. County of King*, 125 Wn.2d 697, 887 P.2d 886 (1995).

[7]*Ruff*, 125 Wn.2d at 707.

[8]*See Drager v. Aluminum Indus. Corp.*, 495 N.W.2d 879 (Minn. Ct. App. 1993).

with all codes and standards applicable to its design, manufacture, and use. It performed as it was designed, and performed as a reasonable consumer would expect it to.

Soproni relies upon the declarations of two experts who claim issues of material fact exist concerning the design of the window, particularly with regard to the window's detent. Soproni argues these declarations should have precluded summary judgment. The declarations, however, contain conclusions and assumptions not fully supported within the context of standards for summary judgments. Declarations must set forth specific facts, not mere speculation or conjecture.[9] The declarations contain facts which are not supported by or are contrary to county fire code and building codes. These experts seemed intent on telling the court that the windows were defectively designed because there were safer alternatives.

Here, the alleged failure of the detent, or viewed differently, the ease in which the window could be opened, which failed to deter a 20-month-old child from opening it, does not render the window unreasonably dangerous per se. Daniel Soproni's exposure to danger in this case resulted from an unfortunate accident. It did not result from an intended use or from a foreseeable use. The summary judgment is affirmed on Soproni's defective design claim.

■ ■ Soproni also claims Alpine should be liable because of inadequate warnings on the window and/or regarding use of the detent. But, Washington law holds that a manufacturer has no duty to warn when the product user is aware of the risk.[10] Strict liability is not

---

[9]*See Time Oil Co. v. City of Port Angeles*, 42 Wn. App. 473, 480, 712 P.2d 311 (1985).

[10]*Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 139, 727 P.2d 655 (1986); *Haysom v. Coleman Lantern Co.*, 89 Wn.2d 474, 479, 573 P.2d 785 (1978).

absolute liability. "A manufacturer is not an insurer, and need not warn against hazards known to everyone."[11]

Here, by admission, Daniel Soproni was repeatedly warned by his mother, who was present, to stay away from the window. The risk of harm was apparent to Shannon Soproni. She warned the child more than once to stay away from the window and directed him not to play with it. She closed the window at least twice. Any failure to warn here was simply not a cause of the harm. The trial court did not err.

The decision of the trial court is affirmed.

KENNEDY, A.C.J., and AGID, J., concur.

Review granted at 134 Wn.2d 1019 (1998).

---

[11]*Kimble v. Waste Sys. Int'l, Inc.*, 23 Wn. App. 331, 339, 595 P.2d 569, *review denied*, 92 Wn.2d 1029 (1979); *Seattle-First Nat'l Bank v. Tabert*, 86 Wn.2d at 150.