Botsford, J.
After hearing, and upon review of the defendants’ motions for summary judgment, the opposition, and the submissions in support and opposing the motions, the two motions are denied in part and allowed in part.
1. The essentially undisputed facts in this case include the following. The plaintiff Walter Finnin was two and one-half years old in July 1992, and living with his parents in a third-floor apartment in Chelsea; the property was owned by Bellingham Properties, a subsidiary of Century Bank who had obtained the property through foreclosure. On July 19, 1992, Walter was in the living room of the apartment with his brother and two other children. His mother, the plain *458 tiff Rhoda Finnin, and his father, Angel Arriaga, stepped into a bedroom to give medicine to their youngest child. When Rhoda Finnin returned to the living room, one of the children told her that Walter had fallen out of the window. Before the accident, Walter was on a couch pushed up against the window. No evidence has been advanced as to how Walter fell out the window, and neither parent knows. Walter sustained very serious injuries as a result of the fall.
The window, including the screen, was manufactured by the defendant Associated Materials, Inc. (Associated). The particular type of window was recommended to Century Bank by the defendant Kevin Fitzpatrick, and was ultimately purchased and installed by Fitzpatrick in connection with certain deleading work he was performing for the bank at the apartment complex. Following Walter’s fall, the window screen was found on the ground. The screen mesh was not torn, and the screen was essentially undamaged. It appears the screen frame had been pushed out of the window.
2.With respect to both defendants’ arguments that they are entitled to judgment on the plaintiffs’ breach of warranty and negligence claims, there are material issues of fact in dispute concerning whether the defendants are liable because in designing the window at issue, and more particularly the window screen, the manufacturer failed “to anticipate the environment in which its product will be used and . . . design against the reasonably foreseeable risks attending the product’s use in that setting.” Back v. Wickes Corp., 375 Mass. 633, 640-41 (1978). See Simmons v. Monarch Tool Co., 413 Mass. 205, 211 (1992); Fahey v. Rockwell Graphics Systems, Inc., 20 Mass.App.Ct. 642, 647 (1985). That the window screen was not intended to be used as a child restraint is not dispositive. There remains the question whether in the course of the intended use of the screen to allow ventilation and protect against insects in residential dwellings, it is a foreseeable risk that a young child may come in contact with the screen and be injured if the screen is capable of being easily removed from the window frame or its channels. “The question whether a risk is reasonably foreseeable is almost always a question for the juiy.” Simmons v. Monarch Machine Tool Co., supra, 413 Mass. at 211. On the summary judgment record presented, including the affidavits of Thomas Eagar and Carol Pollack-Nelson, I cannot conclude as a matter of law that the accident at issue in this case was simply “the consequences of the unforeseeable misuse of a product”[3] for which the defendants cannot be held liable.[4]
Moreover, liability for negligence or breach of the implied warranty of merchantability in a case such as this may be posited on failure to warn. See, e.g., Mitchell v. Sky Climber, Inc., 396 Mass. 629, 631 (1986) (failure to warn in negligence case). See also Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 20-24 (1998) (failure to warn in context of breach of implied warranty) Yates v. Norton Co., 403 Mass. 70, 74 (1988) (same). The defendants’ principal argument against the plaintiffs’ failure to warn claim is that the risk presented by the use of a window screen as a form of child restraint was obvious, and therefore no warnings were required. The summary judgment record here demonstrates that the obviousness of the risk is not established as matter of law. Rather, disputed material issues of fact exist.[5]
3. The plaintiffs’ complaint alleges liability on the defendants’ part for breach of an implied warranty of fitness for a particular purpose. The plaintiffs have indicated that they do not intend to proceed on such a claim, which I interpret as a waiver. Accordingly, the defendants’ motion for summary judgment should be allowed with respect to this claim.
4. In light of my conclusion that the defendants’ motions for summary judgment on the claims for negligence and breach of the implied warranty of merchantability should be denied, it is clear that the motion with respect to liability under G.L.c. 93A should be denied as well. See Mailllet v. ATF-Davidson Co., 407 Mass. 185, 189-94 (1990). See also Vassallo v. Baxter Healthcare Corp., supra, 428 Mass. 1, 3, 23 (1998).
5. The defendant Fitzpatrick argues that he cannot be held liable for breach of the implied warranty of merchantability because he was not a party to a sale of goods as opposed to services. The issue is close, because it is clear that Fitzpatrick “sold” and installed the windows in conjunction with the deleading work he was doing at the building in which the plaintiffs’ apartment was located. It may reasonably be argued that if Fitzpatrick’s installation of new windows is considered as an integral part of the overall deleading work, Fitzpatrick’s undertaking for the bank was one where the “predominant factor, thrust or purpose” was the provision of services, not goods. See White v. Peabody Const. Co., Inc., 386 Mass. 121, 131-32 (1982). While Fitzpatrick asserts that this was the case — the windows work he undertook was an integrated part of the deleading project — there is no dispute that at the bank’s insistence, Fitzpatrick made two separate proposals to the bank, one for deleading and one for the replacement and installation of windows; that each was accepted; and that Fitzpatrick was paid for the windows work by a separate check from the check(s) he received for the deleading work. Considered separately, the windows agreement was a mixed contract of goods and services, and it appears that the Uniform Commercial Code would apply to it. See, e.g., USM Corp. v. Arthur D. Little Systems, Inc., 28 Mass.App.Ct. 108 (1989). See also Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d 21, 24 (1st Cir. 1993). Summary judgment for Fitzpatrick on the grounds that he had contracted to provide services rather than goods should be denied.[6]
*459 ORDER
For the foregoing reasons, the defendants’ motions for summaiy judgment are denied in part and allowed in part.

Back v. Wickes Corp., 375 Mass. 633, 640 (1978).

Counsel have brought to my attention cases from other jurisdictions in which the courts found as a matter of law that a manufacturer of a window screen was not liable under a theory of negligence or breach of warranty for injuries caused to a child who fell out of a window after the child’s contact caused the screen to come off. See Lamkin v. Towner, 138 111.2d 510, 563 N.E.2d 449, 457-58 (1990); Jeld-Wen, Inc. v. Gamble, Va. (June 5, 1998), 1998 LEXIS 84; Drager v. Aluminum Indus. Corp., 495 N.W.2d 879, 882-85 (Minn.App. 1993). See also Soproni v. Polygon Apartment Partners, 941 P.2d 707, 708-7 10 (Wash. App. 1997) (affirming summary judgment for Window manufacturer on products liability claim by child who opened window and fell out; no screen involved). But see Lucas v. R.G. McKelvey Bldg. Co., 847 S.W.2d 806, 806-07 (Mo. 1993) (reversing summary judgment for defendant installer, distributor and manufacturer of window screen on the record presented). There are also Massachusetts decisions concerning whether a landlord should be held liable for negligence where a child has fallen through a window screen. See Markarian v. Simonian, 373 Mass. 669 (1977) (reversing summary judgment for landlord); Chelefou v. Springfield Inst. for Savings, 297 Mass. 236 (1937) (finding no liability on part of landlord). See also Lynch v. James, 44 Mass.App.Ct. 448 (1998) (landlord did not breach implied warranty of habitability by failing to install window stops or guards of apartment window). There are, however, no Massachusetts decisions which consider the product liability issues raised in this case. In my view, neither the decisions from other jurisdictions nor the Massachusetts landlord-tenant cases resolve the close questions of liability presented on the record here. In the circumstances, denial of summaryjudgment seems appropriate.

he defendants premise their summaiy judgment argument on the points that the plaintiffs cannot show the defendants owed a duty of care to them to design window screens that would restrain a child’s fall, or that the window screen was a defective product; the defendants do not assert that the plaintiffs will be unable to prove causation. Accordingly, although it appears there is no direct evidence as to how the minor plaintiff Walter Finnin fell from the window or what happened to the Window screen, these matters are not at issue at the present time.

At the hearing on the summary judgment motions, plaintiffs’ counsel agreed that the plaintiffs’ claims against Fitzpatrick do not include a claim that the window or window screen was negligently installed in the sense that the window was not properly fit into the frame or channels; the negligence claim is rather that Fitzpatrick was negligent in recommending and then installing a window that was allegedly defective and unsafe when used in an apartment with small children.