[Civ. No. 13071.   Second Dist., Div. Two.   Oct. 3, 1941.]

JACKIE SCHLEMMER, a Minor, etc., Respondent, v. MYRA STOKES, Appellant.

Crider, Runkle & Tilson and John J. Ford for Appellant.

Charles A. Thomasset for Respondent.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries suffered when he fell through a window of an apartment in defendant's apartment house which had been rented by his parents.   It is alleged in the complaint

that a screen in the window had been placed in a defective frame and that it was negligently attached to the window sill. A jury returned a verdict in favor of defendant but the trial court granted a new trial. The appeal is taken from the order granting the new trial.

The apartment in which the minor plaintiff resided with his parents consisted of a living room, kitchen, bathroom and bedroom, all on the second floor of the building. The parents paid for the apartment the sum of $27.50 per month, half of which was paid every two weeks. When they rented the apartment they stated that they would probably occupy it for two or three months. Defendant testified that apartments in the building were rented by the week and by the month but once in awhile she rented for the night if it was somebody she knew. She retained keys to all of the apartments, which were completely furnished, but the tenants took care of the laundering of the linen. A register of the tenants was kept. Gas, light and water were supplied by defendant.

At the trial the court, being of the opinion that the evidence was insufficient to sustain a finding that defendant was an innkeeper, instructed the jury concerning the general rules applicable to the relation of landlord and tenant. On the presentation of a motion for a new trial the trial court concluded that there was evidence from which an inference might be drawn "that plaintiff's parents were guests of the defendant's apartment house" and that error had been committed in the refusal to give instructions concerning the obligations of an innkeeper. In granting the motion for a new trial the court filed a written memorandum in which it is set forth: "Notwithstanding the fact that I believe the great weight of the evidence supports the giving of the instructions that were given as to the relationship of such parties and that it also supports the inference that more pressure was exerted on the screen than any ordinarily safe window screen would have resisted, still inasmuch as in my opinion the jury might not have so inferred from the evidence if such instructions had not been refused and the issue had not been limited by the instructions as they were given, I am forced to grant a motion for new trial on the ground of errors in law committed by the trial court, as well as on the ground that the evidence does not justify the verdict."

■ Without conceding that the evidence would support a finding that she was an innkeeper, defendant contends that the evidence is insufficient to support a finding in plaintiff's favor in any event, whether the defendant be regarded as an innkeeper or as one occupying the position of an ordinary lessor of real property. This contention must be sustained. Where the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of the moving party an order granting a motion for a new trial must be reversed. (*Henderson* v. *Braden,* 35 Cal. App. (2d) 88 [94 Pac. (2d) 625].)

At the time of the accident plaintiff was three years of age. When his parents rented the apartment no screens were on the bay window and plaintiff's mother asked the owner for screens "on account of the baby." Soon thereafter defendant installed the screens on the two side windows of the bay window, the middle window being stationary. At the time of the accident plaintiff climbed on the arm of a davenport, being attracted by children playing below. As plaintiff from this position leaned against the screen it gave way and he fell out of the window.

The screen in question was not a new one. Shortly after it was installed it was removed and painted. The screen opened at the bottom, where it was fastened to the sill by means of a hook and two screw-eyes, one of the latter being embedded in the cross bar at the bottom of the screen, the other in the sill of the window itself at the bottom of the window. From outward appearances the screen was normal. Plaintiff's father testified that he examined the screen after the accident; that "where the hook pulled out the hole was a lot bigger than the hook . . . the wood looked rotten to me . . . the pieces of wood that were on the window sill which had come out of that cross bar of the screen . . . looked like bread crumbs." Plaintiff's mother testified that she had hooked and unhooked the screen on several occasions to dust and clean but had found nothing wrong with it. The workman who had removed and painted the screen testified that he had painted and fixed the screens "that needed it" and that he had "replaced the hooks and fasteners on the screens that needed it and put new wires—screen wires that were torn replaced with new screen." It is conceded by re-

spondent that "the defect in the screen was latent and that the owner did not have actual notice of its existence."

██ Even if considered as an innkeeper, defendant was not an insurer of the safety of plaintiff, but she owed to him the duty of exercising reasonable care to keep the premises in a safe condition. The burden was upon plaintiff to establish that defendant was negligent in this regard. (*Goldstein* v. *Healy*, 187 Cal. 206, 211 [201 Pac. 462]; *Robertson* v. *Weingart*, 91 Cal. App. 715, 721 [267 Pac. 74]; *Dye-Washburn Hotel Co.* v. *Aldridge*, 207 Ala. 471 [93 So. 512]; 28 Am. Jur. 578.) ██ It is a matter of common knowledge that a screen is not placed in a window for the purpose of keeping persons from falling out. The record before us discloses positive and uncontradicted evidence that defendant's employee inspected, painted and repaired the screen but noticed nothing wrong with it. Plaintiff's mother in opening and closing the screen for the purpose of dusting noticed nothing wrong with it. The statement of plaintiff's father that after the accident the wood appeared to him to be rotten and that the particles drawn from the hole looked like bread crumbs, could not give adequate support for a finding of failure by defendant to use reasonable care, in view of the other evidence presented and the admitted fact that the defect in the wood, if any, was latent.

The order is reversed.

Moore, P. J., and McComb, J., concurred.