FREDA L. AUGUSTINE, TRUSTEE FOR HEIRS OF CARL LAWRENCE AUGUSTINE, v. JAMES R. HITZMAN AND ANOTHER.
GUSTAVE THIEL, THIRD-PARTY DEFENDANT.

178 N. W. (2d) 227.

June 12, 1970—No. 42186.

---

[6] Rule 61, Rules of Civil Procedure; Pump-It, Inc. v. Alexander, 230 Minn. 564, 42 N. W. (2d) 337.

*Douglass, Bell, Donlin, Schultz & Peterson* and *Duane R. Harves,* for appellant.

*Murnane, Murnane, Battis, deLambert & Conlin* and *Robert W. Murnane,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a summary judgment of the district court entered in favor of third-party defendant, Gustave Thiel.

On February 3, 1968, at approximately 6 a. m., an automobile being driven south on Robert Street in St. Paul by James R. Hitzman collided with the person of Carl Lawrence Augustine, fatally injuring him. The point of impact was approximately 100 feet south of the intersection of Robert and Plato Streets and in the southbound lane of travel on Robert Street near its centerline. When hit, Augustine was apparently proceeding from the sidewalk on the west side of Robert Street toward an automobile operated by Gustave Thiel which had come to a stop near the curb in the northbound lane of travel on Robert Street about 2 car lengths south of the intersection. At the time of the accident, visibility was limited. A heavy fog prevailed in the area and the street lights were not functioning.

An action for death by wrongful act was instituted against the city of St. Paul on the theory that it had negligently failed to maintain proper lighting in the vicinity of the accident and against Hitzman on the theory that he failed to exercise reasonable care in the operation of his motor vehicle. Hitzman, in turn, commenced proceedings against Thiel for contribution or indemnity on the theory that his negligence was a proximate cause

of the accident. Thiel, after interposing an answer denying that his negligence was a proximate cause of the occurrence, moved for summary judgment in his favor upon the theory that depositions of Hitzman and Thiel taken in preparation for the trial demonstrated conclusively the absence of causative negligence on his part. The Honorable John W. Graff granted the motion. Judgment was entered. This appeal followed.

The issue for decision is whether the uncontroverted facts as disclosed by the depositions demonstrate the absence of causative negligence on the part of Gustave Thiel as a matter of law. We agree with the determination of the trial court and therefore affirm.

In contending that the facts construed in the light most favorable to appellant made the causative negligence of Thiel a question for jury determination, appellant directs attention to these circumstances:

(1) South Robert Street at and near the place of the accident is a much-traveled thoroughfare as Gustave Thiel, having lived in the vicinity for many years, knew or should have known.

(2) Before the accident occurred, as Thiel was northbound on Robert Street, he was aware that effective visibility was limited to approximately 10 feet by reason of the darkness and dense fog. He had noticed that the street lights in the area were not lit, and he was aware that there was a heavy frost on the surface of the street.

(3) As Thiel drove northerly on Robert Street, he had reason to anticipate that he would come upon Augustine walking in the direction of the St. Paul Pioneer Press and Dispatch building where they were both employed. On previous occasions Thiel had stopped to give Augustine a ride as he walked in a northerly direction on Robert Street, usually on the east sidewalk.

(4) On the morning of the accident when Thiel observed Augustine walking along Robert Street, he noted that he was on the westerly sidewalk and that he was wearing a dark coat.

(5) Thiel, at a time when he knew or should have known of

the hazard to be anticipated if Augustine undertook to cross Robert Street in the darkness if a southbound car was approaching, nevertheless honked the horn of his automobile and pulled the car over to the east curb on Robert Street at an angle, bringing it to a stop about 2 car lengths south of the intersection of Robert and Plato Streets and about 70 to 75 feet to the north of the point where he had observed Augustine when he honked his horn.

(6)   When Thiel sounded his horn, he anticipated that Augustine would hear it and cross the street in order to get into the car and obtain a ride.

While these facts are reasonably to be inferred from the depositions of the parties, it is significant that Thiel did nothing to suggest to Augustine that he should cross the street at any particular moment of time or at any specific place; did nothing to distract Augustine's attention from possible danger; did nothing to conceal the car which hit Augustine as it approached.

Although we have no Minnesota decisions directly in point, it is our opinion that any negligence which may be attributed to Thiel on these facts could not be held to be a proximate cause of the accident. The decedent was an adult person in full possession of his faculties. He was free to choose the time and place for crossing the street. Defendant did nothing to control his judgment or obscure his powers of observation. The situation is clearly distinguishable from Jacobs v. Draper, 274 Minn. 110, 142 N. W. (2d) 628, in this significant respect: In that case the parked motor vehicle was an ice cream truck and the person who was injured when he darted out into the street to reach it was a small child. A higher degree of care is required with respect to children than with respect to adults. Wire v. Williams, 270 Minn. 390, 133 N. W. (2d) 840. It is this distinction which accounts for our decision in the Jacobs case and which makes affirmance of the determination of the trial court necessary under the facts presented here. See, Goede v. Rondorf, 231 Minn. 322, 43 N. W. (2d) 770.

Affirmed.