**WRITERS, INC., et al., Appellants,**

v.

**WEST BEND MUTUAL INSURANCE COMPANY and The Cleary Agency, Inc., Respondents.**

**No. CX–90–1819.**

Court of Appeals of Minnesota.

Jan. 22, 1991.

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellants.

Jon Hanson, E. Curtis Roeder, Hanson & Lulic, Minneapolis, for respondent, West Bend Mut. Ins. Co.

James O. Redman, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent, The Cleary Agency, Inc.

Considered and decided by RANDALL, P.J., and CRIPPEN and FLEMING *, JJ.

## OPINION

RANDALL, Judge.

Appellants Writers, Inc. (Writers) and Utica Mutual Insurance Company (Utica) brought this action against West Bend Mutual Insurance Company (West Bend) and the Cleary Agency, Inc. (Cleary). Appellants assert coverage was bound by Cleary on a West Bend policy providing fire insurance to Marion Housing, the insured. Alternatively, appellants allege that if coverage was not bound, they are then entitled to damages sustained by Cleary's "failure" to procure and bind insurance coverage. Appellants allege if no coverage had been obtained by Cleary, Cleary's failure to so advise Writers was negligent and a breach of contract. West Bend and Cleary moved for summary judgment, and West Bend sought attorney fees. The trial court

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

granted these motions, ordering judgment in favor of West Bend and Cleary without specifying an amount of attorney fees. Judgment was entered pursuant to this order. Subsequently, the trial court specified that $5000 in attorney fees was to be awarded to each of the respondents, and judgment was entered on the award of attorney fees. Writers and Utica have appealed from summary judgment. We reverse and remand.

## FACTS

In January of 1986, Marion Housing II Limited Partnership purchased land from High Ridge Development Partnership. The partnership included houses at 1005, 909 and 813 Sunset Lane. High Ridge had insured 1005 Sunset Lane through respondent West Bend. The West Bend policy, # DW1883921, had a policy period of January 31, 1986, to March 29, 1986.

High Ridge had gone through the Cleary Agency for previous insurance needs. After the sale by High Ridge to Marion, Cleary was asked to change the name of the insured on policy # DW1883921. Cleary did so in February of 1986.

The properties at 909 and 813 Sunset Lane had been insured by American States. American States had issued a business owner's policy to Marion, and Writers, which took care of Marion's insurance needs, requested that the properties at 909 and 813 Sunset Lane be added to the policy. On February 6, 1986, American States informed Writers that it could not add the two dwellings to the business owner's policy. In addition, American States said it was not interested in writing coverage for the dwellings on any other basis. The letter from American States concluded, "[p]lease place coverage for the dwellings elsewhere by February 18, 1986."

Writers attempted to place coverage with some of the companies with which Writers usually dealt. These companies, however, were in the business of insuring large developments, such as shopping centers and apartment complexes; they were not interested in writing coverage on single-family houses. Writers decided to ask Cleary to try to find coverage for the houses.

The Cleary Agency issued two invoices to Marion Housing on February 24, 1986, and February 25, 1986. The February 24 invoice was for policy # FP05087181, a fire policy on 1005 Sunset Lane. The policy period for this policy was March 29, 1986, to March 29, 1987. The February 25 invoice was for policy # DW1883921.

On March 19, 1986, Denise Dean, now Lestor, of Writers wrote to Harry Denny of the Cleary Agency. Lestor thanked Denny for receipt of policy # SP00587181. Apparently, she meant policy # FP05087181, the policy which was to begin March 29, 1986. In addition, Lestor made specific reference to coverage on the dwelling at 1005 Sunset Lane. Lestor then asked Denny to "include coverage" for the dwellings at 813 and 909 Sunset Lane. In addition, Lestor asked Denny to add Comprehensive General Liability coverage for the five acres on which the three houses were located.

Lestor then went on vacation. In her letter to Denny, Lestor noted that she would be out of the office until April 1, 1986; and if there were any questions, the person to contact was Jim Kisch.

Lestor's letter to the Cleary Agency went to Candice Nelles. Nelles received the letter within a day or two of its writing and immediately began to prepare applications for coverage. The application Nelles prepared for West Bend had coverage effective dates of March 19, 1986, to March 29, 1986. Nelles apparently had a question about the coverage and attempted to contact Kisch. Kisch denies this and there is nothing in Cleary's file to document Nelles' assertion of contact. Shortly after receiving the letter from Lestor, Nelles left Cleary on a one-year medical/maternity leave. She did not ask anyone at Cleary to cover her desk while she was gone. Writers was not informed that no insurance had been issued on the 909 Sunset Lane property.

On March 27, 1986, the house at 909 Sunset Lane was destroyed by fire. Writers reported the fire to Cleary on March 31.

West Bend denied the claim for the loss, touching off the present litigation. - Marion Housing sued Writers. Utica Mutual Insurance Company, the errors and omissions carrier for Writers, entered into a loan receipt agreement with Marion Housing and Writers. Marion Housing assigned its claims against West Bend and Cleary to Utica and Writers.

West Bend and Cleary moved for summary judgment and West Bend sought attorney fees. The trial court granted these motions, awarding attorney fees under Minn.Stat. § 549.21, subd. 2 (1988) and Minn.R.Civ.P. 37.[1] By subsequent order, the trial court specified an amount of attorney fees, awarding $5,000 each to Cleary and West Bend. Writers and Utica Mutual have appealed.

## ISSUES

1. Did the trial court err by granting summary judgment on Writers' claim against West Bend?

2. Did the trial court err by granting summary judgment on Writers' claim against the Cleary Agency?

3. Did the trial court err by awarding attorney fees to West Bend and Cleary?

## ANALYSIS

### Standard of Review

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. Summary judgment is not intended as a substitute for trial when there are issues of fact to be determined. *Vieths v. Thorp Finance Co.*, 305 Minn. 522, 525, 232 N.W.2d 776, 778 (1975). The fact that the nonmoving party is unlikely to prevail at trial does not warrant granting summary judgment. *Lowry Hill Properties, Inc. v. Ashbach Construction Co.*, 291 Minn. 429, 439–440, 194 N.W.2d 767, 774 (1971).

---

**1.** At oral argument, counsel for West Bend conceded the award could not be properly based on Rule 37, which relates to sanctions for failure to

On appeal, this court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). This court must determine whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

## I.

### Claim Against West Bend

■ Writers asserts coverage was bound by Cleary with West Bend. An insurance agent's power is coextensive with the business entrusted to the agent and includes such incidental authority to act as is appropriate to the authority granted. *Nehring v. Bast*, 258 Minn. 193, 199–200, 103 N.W.2d 368, 374 (1960).

After Writers reported the loss to Cleary, Harry Denny of the Cleary Agency reported the loss to West Bend. The notification reads:

> Attached are two dwelling applications which *our insured asked to add effective 3–19.* * * * While we were preparing applications to send to you, one burned down. Claim has been reported to the Minneapolis claim's office. *On 909 Sunset we should add to the present policy 1883921 which expires 3–29–86 only.* On 813 Sunset we should add to policy 1883921 and it's [sic] renewal SP00587181 [sic].

(Emphasis added).

On April 17, 1986, Harry Denny, Vice President of the Cleary Agency, wrote to Eugene Rerat, a partner of Marion Housing. The letter was on regular Cleary Agency stationery and said in part:

> On 909 Sunset, we added to the policy *effective 3–19–86* and did not renew as of 3–29–86.

(emphasis added). In its answer, Cleary stated:

---

make discovery. West Bend and Cleary seek affirmance of the fee award under Minn.Stat. § 549.21.

Specifically alleges that, at all material times herein, Defendant Cleary Agency, Inc. was acting in its actual and apparent authority as an agent of Defendant West Bend Mutual Insurance Company, *that coverage was bound* on behalf of Plaintiffs both verbally and in writing pursuant to the actual, implied, custom and practice, in terms of verbally binding coverage on behalf of an established insurance account and that said Defendant West Bend Mutual Insurance Company has at all material times acquiesced and ratified said custom and practice * * * in its dealings with Defendant Cleary Agency, Inc.

(Emphasis added.)

■ West Bend argues vigorously that the mere statement of an agent *after* a loss cannot create an insurance contract by estoppel if no coverage existed before the loss. We do not disagree with West Bend's statement if it is to be meant only as a general provision. However, a signed letter from an officer of a defendant in a lawsuit admitting one of the key allegations of a plaintiff is evidentiary and can be used to weigh credibility and to support other evidence. At this point, we are dealing only with an appeal from summary judgment. Denny's letter is a written statement against interest which can support other evidence that coverage was bound. There is other evidence in the record. For example, it is noteworthy that of the three requests in Lestor's letter of March 19th (coverage for 909 Sunset, coverage for 813 Sunset and liability coverage for the entire parcel), only the request for coverage on 909 Sunset is claimed not to have been fulfilled. The other coverages requested were bound with West Bend effective March 19, 1986.

Taken as a whole, the conflicting evidence as to what different agents of the parties would or would not do, and Denny's signed letter after the loss that there was coverage (which coincides with part of Cleary's pleadings in which they affirmatively allege coverage as part of a contribution claim) create a material issue of fact at least sufficient to preclude summary judgment.

## II.

### *Claims Against Cleary*

■ In a negligence action against an insurance agent, the plaintiff must show the existence of a duty, breach of the duty, causation and damages. *Johnson v. Urie*, 405 N.W.2d 887, 891 (Minn.1987).

■ Insurance agents are under an obligation to exercise the skill and care which a reasonable, prudent person engaged in the insurance business would use under similar circumstances. *Johnson v. Farmers & Merchants State Bank of Balaton*, 320 N.W.2d 892, 898 (Minn.1982). The duty is ordinarily limited to the obligation to act in good faith and follow instructions. *Gabrielson v. Warnemunde*, 443 N.W.2d 540, 543 (Minn.1989).

Whether a legal duty exists is a question of law for the court to determine. *Urie*, 405 N.W.2d at 891 n. 5. Where the facts are disputed, it is for the jury to resolve the disputes, after which the court determines whether a duty exists. *Id.*

■ When an insurance agent undertakes to obtain insurance for a particular property, the agent's duty is to take all steps necessary to authorize placement of the policy; in the event the agent is unable to obtain insurance, the agent has an obligation to notify the insured of the failure to do so. *Russell v. O'Connor*, 120 Minn. 66, 71, 139 N.W. 148, 150 (1912).

In the present case, Writers has alleged that coverage was bound or, in the alternative, that Cleary, upon receiving a request to add 909 and 813 Sunset Lane to the policy, was unable to do so and negligently failed to advise Writers of its failure to obtain coverage. When Nelles at Cleary filled out an application for coverage, she requested coverage effective March 19, 1986. In addition, Harry Denny's memorandum to West Bend states that the insured asked to add the two dwellings effective March 19, 1986. He also stated that the 909 Sunset Lane house should be added to the policy which *expired* March 29, 1986.

Under these circumstances, it appears that the Cleary Agency may have understood Lestor's request for insurance coverage to be a request for immediate coverage.

■ The trial court erred in granting summary judgment on the claim against Cleary. If Nelles believed Writers was requesting coverage effective March 19 and failed to place the coverage or notify Writers of the failure, there exists the possibility for a factfinder to find Cleary negligent. If Nelles was not sure whether Writers wanted coverage effective March 19, dependent on all the facts surrounding the request, Cleary possibly could be found negligent for not following up or checking further.

### III.

*Attorney Fees*

Minn.Stat. § 549.21, subd. 2, authorizes the trial court to award attorney fees against a party who has brought a claim that is frivolous and costly to the party seeking fees. Appellants' claim has yet to be determined on the merits, but it is not frivolous or brought in bad faith. Because we are reversing and remanding for trial on the merits, the award of attorney fees against appellants must be reversed.

### DECISION

The trial court erred in granting summary judgment to West Bend and Cleary. Substantial fact issues exist as to the question of coverage and the question of negligence.

The award of attorney fees is reversed.

Reversed and remanded.