**William DRAGER, By his guardian ad litem, Edward G. GUTZMAN, and Sharlene Armstrong, his mother, Appellants,**

v.

**ALUMINUM INDUSTRIES CORPORATION,**
**Respondent,**

**FML, Inc., et al., Defendants,**

**Lawrence D. Foy, et al., Respondents.**

**No. C7-92-1202.**

Court of Appeals of Minnesota.

Feb. 23, 1993.

Review Denied April 20, 1993.

Steve Gaskins, Bradley J. Ayers, Cosgrove, Flynn, Gaskins & O'Connor, Minneapolis, for appellants Drager and Armstrong.

Deborah Ellis, Thomson & Ellis, Ltd., St. Paul, for appellant Gutzman.

Gay B. Urness, Mahoney, Dougherty and Mahoney, Minneapolis, for Aluminum Industries Corp.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, William N. Majerus, Burton D. Anderson & Associates, Bloomington, for Lawrence D. Foy, et al.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Appellant was severely injured when he accidentally dislodged a window screen and fell from a second story window. He brought suit against respondent window manufacturer, respondent landlord, and others. The trial court granted respondent manufacturer's motion for summary judgment on the grounds that there was no duty to design a screen which would prevent a child from falling out of the window. The trial court denied respondent landlord's motion for summary judgment. We affirm.

## FACTS

In April 1987, appellant William Drager and his family moved into an apartment building owned and operated by respondent J.A. Management, Inc. ("landlord"). In November 1987, appellant, then six years old, fell back in his chair and came in contact with a window screen hung approximately twenty-four inches above the floor. He claims that the screen dislodged without offering any resistance, and that as a result he fell out of the apartment's second story window. Appellant suffered severe injuries as a result of the fall.

Appellant sued respondent Aluminum Industries Corporation ("manufacturer") on both defective design and failure to warn claims, and sued landlord claiming that it was negligent in its maintenance of the window screens. The trial court granted summary judgment to manufacturer on the grounds that manufacturer had no duty to design a screen that would have prevented

appellant's fall. The trial court denied landlord's summary judgment motion after determining the existence of a "genuine issue of material fact as to whether [landlord] maintained the dwelling unit in a safe condition as set out in the Lease Agreement."

## ISSUES

1. Did the trial court err in granting manufacturer's motion for summary judgment?

2. Did the trial court err in denying landlord's motion for summary judgment?

## ·ANALYSIS

### I.

On appeal from summary judgment, this court's role is to review the record to determine: (1) whether there are any genuine issues of material fact to be determined, and (2) whether the trial court erred in its application of the law. *Huber v. Niagara Mach. & Tool Works*, 430 N.W.2d 465, 467 (Minn.1988). When reviewing the trial court's grant of summary judgment, we view all evidence in the light most favorable to the party against whom the motion was granted. *Id.*

In reviewing the issues presented in this appeal, we are mindful that summary judgment is a blunt instrument to be employed "only where it is perfectly clear that no issue of fact is involved." *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966), *quoted in Poplinski v. Gislason*, 397 N.W.2d 412, 414 (Minn.App. 1986), *pet. for rev. denied* (Minn. Feb. 18, 1987). We also agree with the trial court that summary judgment:

> should be granted only where the moving party has established a right to judgment with such clarity as to leave no room for doubt, and only where the nonmoving party is not entitled to recover under any circumstances.

Appellant raised two claims against manufacturer: first, that the window screen was defectively designed; and, second, that the window screen was defective because manufacturer failed to provide adequate warnings and instructions. These claims present issues of first impression in this state, and we shall address each claim in turn.

### A. Defective Design

To recover against a manufacturer, an injured party must show that (1) the product was in a defective condition unreasonably dangerous to the user, (2) the defect existed when it left the manufacturer's control, and (3) the defect was the proximate cause of the injury sustained. *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 623 n. 3 (Minn.1984); *Westbrock v. Marshalltown Mfg. Co.*, 473 N.W.2d 352, 356 (Minn.App. 1991), *pet. for rev. denied* (Minn. Sept. 13, 1991).

To determine whether a product is defective, Minnesota courts apply a "reasonable care balancing test." *Westbrock*, 473 N.W.2d at 356.

> [A] manufacturer is obligated to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger *when the product is used in the manner for which the product was intended, as well as an unintended yet reasonably foreseeable use.*

*Micallef v. Miehle Co.*, 39 N.Y.2d 376, 384 N.Y.S.2d 115, 121, 348 N.E.2d 571, 577 (1976) (citations omitted), *quoted in Bilotta*, 346 N.W.2d at 621 (emphasis added). Generally, the question of whether a product is defective is a question of fact; however, where reasonable minds cannot differ, the question becomes one of law. *See Peterson v. Little–Giant Glencoe Portable Elevator Div. of Dynamics Corp. of America*, 366 N.W.2d 111, 116 (Minn.1985); *Independent Sch. Dist. No. 14 v. AMPRO Corp.*, 361 N.W.2d 138, 142 (Minn.App. 1985), *pet. for rev. denied* (Minn. Mar. 29, 1985).

The trial court determined as a matter of law that manufacturer had no duty to manufacture a window screen that would restrain a child from falling out of a window, and observed:

> There has been no case law submitted to the Court whereby a screen manufactur-

er was held liable for injuries resulting from a child having fallen through a screen. There are no U.S. or Minnesota building codes or industry standards which govern the strength of window screens installed in buildings. * * * The courts have long recognized that the intended use of screens is to keep insects out of buildings, not people in buildings. * * * Screens are not security devices.

Despite the submission by appellant of evidence purporting to demonstrate the foreseeability of his accident, we must agree with the analysis of the trial court. Appellant has failed to show that he was exposed to an unreasonable risk of harm when the window screen was used for its intended purpose or for an unintended yet foreseeable use.

Courts in numerous jurisdictions have recognized that a window screen's intended purpose is to allow for ventilation while preventing the ingress of insects and not to prevent people from falling out of windows. *See, e.g., Schlemmer v. Stokes*, 47 Cal.App.2d 164, 117 P.2d 396, 398 (1941) ("screen is not placed in a window for the purpose of keeping persons from falling out"); *Lamkin v. Towner*, 138 Ill.2d 510, 150 Ill.Dec. 562, 570, 563 N.E.2d 449, 457 (1990) ("[w]indow screens are designed to allow air and light into an area while preventing insects from entering"); *Chelefou v. Springfield Inst. for Sav.*, 297 Mass. 236, 8 N.E.2d 769, 772 (1937) (keeping children from falling out of windows "is not the ordinary purpose of window screens"); *Egan v. Krueger*, 103 N.J.L. 474, 135 A. 811, 812 (1927) (purpose of a window screen is not to keep persons from falling out of a window); *Potter v. Southwestern Associated Tel. Co.*, 248 S.W.2d 286, 290 (Tex.Civ. App.1952) (keeping children from falling out of window is not "the ordinary purpose of window screens").

▋ Appellant was not using the window screen for its intended purpose at the time

of his injury. Nor can it be said that he subjected the screen to a foreseeable yet unintended use. Appellant fell against the screen by accident. He did not make a conscious decision to use the screen in any manner.[1] While, given the evidence submitted by appellant, we must assume that this accident was foreseeable, *see Huber*, 430 N.W.2d at 467, we cannot agree that the screen was "used" in any meaningful way at the time of appellant's accident.

▋ The issue of whether a manufacturer has a duty to design a screen which would keep a person from falling through a window was recently addressed by the Illinois Supreme Court in a case involving facts substantially similar to the case at bar. *See Lamkin*, 150 Ill.Dec. at 562, 563 N.E.2d at 449. Plaintiffs in *Lamkin* were children who were injured when they fell from a window after dislodging its screen. *Id.* at 563–64, 563 N.E.2d at 450–51. The trial court in *Lamkin* certified a question as to the screen manufacturer's duty for review by the Illinois Supreme Court. *Id.* at 565, 563 N.E.2d at 452.

The *Lamkin* court explained:
Virtually any manufactured product can cause or be a proximate cause of injury if put to certain uses or misuses, but strict liability applies only when the product is "dangerous to an extent beyond that which would be contemplated by the ordinary [person]."

*Id.* 150 Ill.Dec. at 571, 563 N.E.2d at 458 (quoting Restatement (Second) of Torts § 402A cmt. i (1965) (other citations omitted)). The court reasoned:
The window screens were simply serving the purpose for which they were created when the accidents occurred. Even assuming that "the ordinary [person]" may recognize the potential for a screen to restrict a fall from a window, we cannot conclude that, in the event a window screen fails to prevent the fall of a minor leaning against it, "the ordinary [person]" would consider the screen danger-

1. We reject the view expressed in the dissent that the window screen was unreasonably dangerous when used for ventilation. Unlike the plaintiff in *McCormack v. Hankscraft Co.*, 278 Minn. 322, 326–27, 154 N.W.2d 488, 493 (1967), appellant was not injured by danger inherent to the product. Appellant was not injured by the screen itself, but by a fall arising from appellant's accident which dislodged the screen.

ous beyond his original contemplation of the product.

*Lamkin,* 150 Ill.Dec. at 571, 563 N.E.2d at 458. Applying this reasoning, the supreme court of Illinois granted summary judgment to the manufacturer of the window screens. *Id.*[2]

■ We find the court's reasoning in *Lamkin* persuasive. The failure of a window screen to restrict a child's fall from a window does not render the window screen unreasonably dangerous. Appellant's exposure to danger in this case resulted from an unfortunate accident. It did not result from an intended use or from an unintended yet foreseeable use. Accordingly, we must affirm the trial court's grant of summary judgment on appellant's defective design claim.

### B. Failure to Warn

■ The trial court did not address whether respondents had a duty to warn potential users that the screens would not keep a person from falling through a window. However, we shall address that issue here, because the existence of a duty to warn is a question of law. *Balder v. Haley,* 399 N.W.2d 77, 81 (Minn.1987). While "failure to warn is a cause of action separate from defective design," *Huber,* 430 N.W.2d at 467, we resolve the two issues identically.

■ To determine whether a manufacturer has a duty to warn, the court:

goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty, and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists.

*Germann v. F.L. Smithe Mach. Co.,* 395 N.W.2d 922, 924 (Minn.1986), *quoted in Balder,* 399 N.W.2d at 81. Because appellant's injury resulted neither from an intended use nor an unintended but reasonably foreseeable use, but rather from an accident, we are compelled to conclude that the connection between the injury he sustained and the alleged negligent act is too remote to impose liability as a matter of public policy. Therefore, consistent with the court's reasoning in *Germann,* there is no duty to warn.

■ In addition, even in the instance of an intended or reasonably foreseeable unintended use, a manufacturer has no duty to warn when the product user is aware of the risk. *Willmar Poultry Co. v. Carus Chem. Co.,* 378 N.W.2d 830, 835 (Minn. App.1985), *pet. for rev. denied* (Minn. Feb. 14 and 19, 1986); *Dahlbeck v. DICO Co.,* 355 N.W.2d 157, 163 (Minn.App.1984), *pet. for rev. denied* (Minn. Feb. 6, 1985); *see also Minneapolis Soc'y of Fine Arts v. Parker–Klein Assocs. Architects, Inc.,* 354 N.W.2d 816, 821 (Minn.1984) (explaining "there is no duty to warn if the user knows or should know the potential danger"), *overruled on other grounds by Hapka v. Paquin Farms,* 458 N.W.2d 683, 687 (Minn. 1990).

■ Longstanding case law from foreign jurisdictions is consistent with the observation of Minnesota courts on the duty to warn when the risk is obvious to the user. In *Egan,* 135 A. at 812, the court observed:

A screen in a window, obviously and of common knowledge, is not placed there for the purpose of keeping persons from falling out of a window, any more than the glass in the window itself is placed there for that purpose. Consequently it is manifest that this accident was not the result of the failure of the defendant to perform any duty which he owed to the child for her protection.

---

**2.** The court in *Lamkin* also noted that plaintiffs had presented no evidence to support a finding that the window screen's design caused the injuries. *Lamkin v. Towner,* 138 Ill.2d 510, 150 Ill.Dec. 562, 571, 563 N.E.2d 449, 458 (1990). While we recognize that under Minnesota law

the "existence of a safer, practical alternative design is not an element of an alleged defective product design prima facie case," *Kallio v. Ford Motor Co.,* 407 N.W.2d 92, 97 (Minn.1987), we do not deem this distinction sufficient to under-

The same basic law has been applied in other jurisdictions. *See, e.g., Chelefou,* 8 N.E.2d at 772 (landlord not liable for injuries sustained by a three-year-old child who fell through a window screen because screens are not intended to keep children from falling out); *Schlemmer,* 117 P.2d at 398 (landlord not liable for injuries sustained by a three-year-old child who fell through a screen as "[i]t is a matter of common knowledge that a screen is not placed in a window for the purpose of keeping persons from falling out"). We conclude that the manufacturer had no duty to warn potential users of a danger of which they were aware.[3]

## II.

■ Landlord seeks review of the trial court's order denying summary judgment. Generally, "[a]n order denying summary judgment is not appealable in the absence of trial court certification as important and doubtful." *Bogatzki v. Hoffman,* 430 N.W.2d 841, 846 (Minn.App.1988), *pet. for rev. denied* (Minn. Dec. 21, 1988). This court may review nonappealable orders "as the interests of justice require." Minn. R.Civ.App.P. 103.04. Because the issue has been fully briefed by the parties, we will review this issue.

■ Appellant claims that landlord is liable for negligently maintaining the apartment building where the injuries took place.

> The question of negligence is normally a matter for the jury; however, the existence of a legal duty is an issue for the trial court to determine as a matter of law.

*Oakland v. Stenlund,* 420 N.W.2d 248, 250 (Minn.App.1988) (citations omitted), *pet. for rev. denied* (Minn. Apr. 20, 1988).

■ At common law, a landlord was not liable to a tenant for any damage caused by defective conditions existing at the time of the lease. *Id.* at 251. Today, however, there are several recognized exceptions to this general rule including "where the landlord negligently repairs the premises." *Id.*

■ Ordinarily, a landlord has no duty to maintain premises within a lessee's control. *Saturnini v. Rosenblum,* 217 Minn. 147, 152, 14 N.W.2d 108, 111 (1944); *Oakland,* 420 N.W.2d at 251. However, if a landlord expressly agrees to maintain such premises, he has a duty to exercise reasonable care. *See Saturnini,* 217 Minn. at 152, 14 N.W.2d at 111; *Oakland,* 420 N.W.2d at 251.

Appellant has presented evidence that landlord regularly removed the screens for cleaning and maintenance. Appellant has also offered expert testimony that the screen was not properly lodged in the window frame at the time of the accident and that the screen's improper installation was a partial cause of appellant's fall.[4] Viewing this evidence in the light most favorable to appellant, *Huber,* 430 N.W.2d at 467, there is a genuine issue of fact as to whether landlord breached his duty to use due care in the maintenance of the screens. Accordingly, we will not disturb the trial court's denial of summary judgment.

## DECISION

The trial court did not err in granting summary judgment for manufacturer. The window screen manufacturer had no duty to design a screen which would prevent

---

mine the persuasive nature of the *Lamkin* decision.

**3.** We recognize that when it is foreseeable that children will come in contact with a product the manufacturer may be required to exercise a higher degree of care in warning potential users of the risks associated with that product. *See Augustine v. Hitzman,* 287 Minn. 311, 314, 178 N.W.2d 227, 229 (1970) (holding "[a] higher degree of care is required with respect to children than with respect to adults"). Nonetheless, we note once again that the injury to appellant

resulted from an accident, not a use or misuse of the screen. The connection between the event causing appellant's injury and the alleged negligence of manufacturer, we believe, meets the degree of remoteness addressed by the court in *Germann.*

**4.** Appellant's expert testified that in post-accident tests the window screen was able to withstand thirteen to fourteen pounds of pressure if properly installed. Appellant's expert also testified that such resistance to displacement exceeds the Canadian standard for screen strength.

appellant's fall. We also conclude that the relationship between appellant's injury and manufacturer's failure to warn is too remote to impose liability as a matter of law. The trial court did not err in denying landlord's motion for summary judgment.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent from the majority's decision as it relates to appellant's claim against the manufacturer. I would reverse the trial court's grant of summary judgment on appellant's defective design and failure to warn claims.

### 1. *Summary Judgment*

This is not a proper case for summary judgment. Appellant has clearly submitted sufficient evidence that he was exposed to an unreasonable risk of harm when using the window screen for its intended purpose to allow the claim to withstand a summary judgment motion. Summary judgment shall be granted

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03.

> On appeal from a summary judgment, this court must determine (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The reviewing court

> must take a view of the evidence most favorable to the one against whom the [summary judgment] motion was granted.

*Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

### 2. *Defective Design*

As the majority acknowledges,

> a manufacturer is obligated to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended, as well as any unintended yet reasonably foreseeable use.

*Micallef v. Miehle Co.*, 39 N.Y.2d 376, 384 N.Y.S.2d 115, 348 N.E.2d 571, 577–78 (1976), *quoted in Bilotta v. Kelley Co.*, 346 N.W.2d 616, 621 (Minn.1984) (citations omitted).

The case at bar is analogous to the landmark case of *McCormack v. Hankscraft Co.*, 278 Minn. 322, 154 N.W.2d 488 (1967). Plaintiff in *McCormack* was severely injured when she accidently tipped over a vaporizer manufactured by defendant and was splashed with near boiling water. *Id.* at 326–27, 154 N.W.2d at 492–93. Plaintiff claimed that the manufacturer negligently adopted an unsafe design for the vaporizer. *Id.* at 324, 154 N.W.2d at 491. After verdict for plaintiff, the trial court granted judgment notwithstanding the verdict on the defective design claim. *Id.*, at 326, 154 N.W.2d at 492.

The Minnesota Supreme Court recognized that "the primary, intended use of the vaporizer was for the treatment of children's colds and croup." *Id.* at 334, 154 N.W.2d at 497. The court held, however, that the evidence presented was sufficient to support the plaintiff's claim that

> defendant failed to exercise reasonable care * * * to guard against the reasonably foreseeable danger that a child would tip the unit over when it was in use and be seriously burned by coming in contact with the scalding water * * *.

*Id.* Therefore, under *Hankscraft*, a manufacturer has a duty to use reasonable care to protect against dangers arising when the product is used for its intended purpose. These dangers include reasonably foreseeable accidents with naturally arise from the use of the product. *See id.*

Here, the window screen's primary, intended purpose was to provide ventilation in a residential dwelling. The record is clear that appellant did *use* the screen for this purpose. Appellant has presented substantial evidence to establish that it was

foreseeable that a young child would accidently come in contact with the window screen. Viewing this evidence in the light most favorable to appellant, *see Huber v. Niagara Mach. & Tool Works*, 430 N.W.2d 465, 467 (Minn.1988), I would conclude that manufacturer had a duty to manufacture its window screen so as to avoid unreasonably exposing users to this foreseeable risk arising from the window screen's intended use.

The Eighth Circuit Court of Appeals has explained that a manufacturer's duty of design

> is met when the article is safe for its intended use and when it will fairly meet any "emergency of use" which is foreseeable.

*Larsen v. General Motors Corp.*, 391 F.2d 495, 501 (8th Cir.1968). As discussed above, appellant has submitted evidence to support his claim that a reasonably foreseeable "emergency of use" is that a child will accidently come in contact with a window screen. Thus, manufacturer had a duty to exercise reasonable care in designing a window screen which would mitigate the risk of harm associated with this "emergency of use." *Id.*

I would not hold that a manufacturer has a duty to design a screen which will in every instance prevent a child's fall. A "manufacturer is under no duty to design an accident-proof or fool-proof" product. *Id.* at 502. Rather, a manufacturer has a duty only to exercise reasonable care in adopting a design for its product. *Holm v. Sponco Mfg., Inc.*, 324 N.W.2d 207, 212 (Minn.1982).

> What constitutes "reasonable care" will, of course, vary with the surrounding circumstances and will involve "a balancing of the likelihood of harm, and the gravity of harm if it happens, against the burden of the precaution which would be effective to avoid the harm."

*Id.* (quoting *Micallef*, 384 N.Y.S.2d at 121, 348 N.E.2d at 577–78 (other citations omitted), *quoted in Bilotta*, 346 N.W.2d at 621). The question of whether a manufacturer met its duty will in most cases be a question of fact for the jury. *Peterson v. Lit-*

*tle–Giant Glencoe Portable Elevator Div. of Dynamics Corp. of Am.*, 366 N.W.2d 111, 116 (Minn.1985).

Here, appellant presented evidence that the manufacturer took no steps in the design of the screen to alleviate the risk that a child would dislodge the window screen and fall out of the window. The manufacturer designed a screen for use in a residential complex. The screen in place was a mere 24 inches off the floor and was held in place by only four "clips." Police investigators reported that "the screen appeared to be extremely flimsy" and could be popped out with two fingers. The record also contains evidence that the window screens could be dislodged by a cat. I believe that this evidence, viewed in the light most favorable to appellant, establishes the existence of a material issue of fact as to whether manufacturer met its duty of reasonable care. *Huber*, 430 N.W.2d at 467.

### 3. Failure to Warn

To determine whether a manufacturer has a duty to warn, this court

> goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty, and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists.

*Germann v. F.L. Smithe Mach. Co.*, 395 N.W.2d 922, 924 (Minn.1986), *quoted in Balder v. Haley*, 399 N.W.2d 77, 81 (Minn. 1987).

Appellant produced evidence to establish that the manufacturer was aware a great many children have been injured by dislodging low level window screens and falling out of windows. This evidence also established the severe nature of the injuries associated with this type of accident. I do not believe appellant's injury is so remote as to warrant limitation as a matter of public policy. Rather public policy favors the imposition of a duty to warn.

Appellant's injury is a direct consequence of the use of low hanging window screens in residential dwellings. Appellant has submitted substantial evidence that the screen manufacturing industry has been aware of this problem for many years, and yet the industry has refused to take steps to warn potential users of this serious risk.

As the majority notes, generally a manufacturer has no duty to warn of obvious risks. While the dangers of falling out of a window may be considered obvious, it is not obvious that a screen will dislodge without offering any resistance whatsoever. Further, because it was foreseeable that children would come in contact with the screen, the manufacturer was required to exercise a higher degree of care in warning potential users of the risks associated with the product. *See Augustine v. Hitzman*, 287 Minn. 311, 314, 178 N.W.2d 227, 229 (1970) ("A higher degree of care is required with respect to children than with respect to adults.")

After finding that the manufacturer had a duty to warn, "issues such as the adequacy of the warning, breach, and causation" are for the jury to resolve. *Balder*, 399 N.W.2d at 81. I recognize that appellant may have difficulty establishing that the manufacturer's failure to warn was the proximate cause of his injury, but "the fact that the nonmoving party is unlikely to prevail at trial does not warrant granting summary judgment." *Writers, Inc. v. West Bend Mut. Ins. Co.*, 465 N.W.2d 419, 422 (Minn.App.1991) (citations omitted).

For these reasons, I would reverse the trial court's grant of summary judgment in favor of the manufacturer.